OPINION
{¶ 1} Defendant-appellant, Anthony L. McKinney, appeals from a judgment of the Franklin County Court of Common Pleas denying both his petition and his amended petition for post-conviction relief pursuant to R.C. 2953.21. Because defendant did not attach to his petition evidence supporting his contention that his trial counsel was ineffective in failing to call three witnesses defendant claims would have exonerated him, we affirm. *Page 2 
 {¶ 2} By indictment filed on October 20, 2005, defendant was charged with one count of murder and three counts of felonious assault, both with firearm specifications, as well as one count of possessing a weapon while under disability. A jury convicted defendant on all five counts. In a judgment entry filed April 27, 2006, the trial court sentenced defendant to 28 years to life. Defendant filed a notice of appeal.
 {¶ 3} In considering defendant's appeal, this court affirmed, finding no merit to defendant's claim the state suppressed evidence favorable to the defense or to his assertion the trial court's judgment is against the manifest weight of the evidence. State v. McKinney, Franklin App. No. 06AP-510, 2007-Ohio-1842. The Supreme Court of Ohio declined defendant's discretionary appeal. State v. McKinney,115 Ohio St.3d 1412, 2007-Ohio-4884; 116 Ohio St.3d 1480, 2008-Ohio-153
 {¶ 4} In the meantime, defendant, on March 19, 2007, filed a petition for post-conviction relief pursuant to R.C. 2953.21. Defendant contended his trial counsel was ineffective in failing to call three specific witnesses whose testimony would have demonstrated defendant was not the person who fired the shot killing Terrance Barbour. Attached to defendant's petition was a letter from the Ohio Public Defender's Office declining to represent defendant in his post-conviction proceedings. Defendant's petition, however, requested the opportunity to amend the petition to include evidence defendant gathered to support it.
 {¶ 5} As indicated in his original petition, defendant on April 7, 2007 filed a motion for leave to amend his petition, requesting an extension of 110 days to gather supporting materials. The trial court granted his motion, and on July 11, 2007, defendant filed his *Page 3 
amended petition. Attached to the amended petition were (1) defendant's own affidavit explaining his inability to produce supporting documentation, and (2) letters from his girlfriend explaining her attempts to assist him. By judgment entry filed September 25, 2007, the trial court denied defendant's petition for post-conviction relief filed on March 19, 2007, as well as his amended petition filed July 11, 2007. Defendant appeals, assigning the following errors:
 FIRST ASSIGNMENT OF ERROR
 Ineffective Assistance of Counsel
 A violation of the Sixth Amendment
 Trial Counsel failed to call 3 defense witnesses
 SECOND ASSIGNMENT OF ERROR
 Ineffective Assistance of Counsel
 A violation of the Sixth Amendment
 Trial Counsel failed to Investigate and introduce 3 defence [sic] witnesses
 THIRD ASSIGNMENT OF ERROR
 Ineffective Assistance of Counsel
 A violation of the Sixth Amendment
 Trial counsel failed to play recordings after prosecutors [sic] side bar
 FO[U]RTH ASSIGNMENT OF ERROR
 Ineffective Assistance [of] Counsel
 A violation of the sixth Amendment
 Trial counsel failed to call 3 defense witnesses even after our one witness the vi[c]tim was made to look bad by the prosecutor for lying at another court room *Page 4 
I. First, Second, and Fourth Assignments of Error {¶ 6} Because defendant's first, second, and fourth assignments of error are interrelated, we address them jointly. They raise the single issue of whether the trial court erred in denying his petition. Defendant contends his convictions are constitutionally unsound because his trial counsel was ineffective in failing to call three defense witnesses that defendant contends would have provided evidence exonerating him as the person who fired the gun killing Terrance Barbour.
 {¶ 7} Set forth in R.C. 2953.21 et seq., post-conviction relief in Ohio is a statutorily created remedy designed to provide an avenue to correct a violation of a defendant's constitutional rights in his criminal trial. The post-conviction relief process is a civil collateral attack on a criminal judgment, not an appeal of that judgment. State v.Calhoun (1999), 86 Ohio St.3d 279, 281. It is a means by which the defendant may allow the court to reach constitutional issues that otherwise would be impossible to review because the evidence supporting those issues is not contained in the record of the defendant's criminal conviction. State v. Murphy (Dec. 26, 2000), Franklin App. No. 00AP-233. The petition for post-conviction relief is thus not intended to provide a defendant with a second opportunity to litigate his conviction; nor is the defendant automatically entitled to an evidentiary hearing on the petition. State v. Jackson (1980), 64 Ohio St.2d 107.
 {¶ 8} To warrant an evidentiary hearing on a petition for post-conviction relief, the defendant bears the initial burden of providing evidence to demonstrate a cognizable claim of constitutional error. R.C. 2953.21(C); State v. Hessler, Franklin App. No. 01AP-1011, 2002-Ohio-3321, at ¶ 33. A trial court may deny a defendant's petition for post-conviction *Page 5 
relief without an evidentiary hearing if the petition, supporting affidavits, documentary evidence, and trial record do not demonstrate sufficient operative facts to establish substantive grounds for relief.Calhoun, at paragraph two of the syllabus.
 {¶ 9} The most significant restriction on Ohio's statutory procedure for post-conviction relief is the doctrine of res judicata that requires evidence outside the record of the direct criminal proceedings to support the error claimed in the petition. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment or conviction, or on an appeal from that judgment." State v. Cole (1982), 2 Ohio St.3d 112, 113, quoting State v. Perry (1967), 10 Ohio St.2d 175, at paragraph nine of the syllabus. Res judicata thus "implicitly bars a petitioner from `re-packaging' evidence or issues which either were, or could have been, raised in the context of the petitioner's trial or direct appeal."Hessler, at ¶ 37.
 {¶ 10} A defendant alleging ineffective assistance of counsel must demonstrate (1) defense counsel's performance was so deficient that he or she was not functioning as the counsel guaranteed under theSixth Amendment to the United States Constitution, and (2) defense counsel's errors prejudiced defendant, depriving him or her of a trial whose result is reliable. Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus, certiorari denied (1990), 497 U.S. 1011,110 S.Ct. 3258. In order to secure a hearing on an *Page 6 
ineffective assistance of counsel claim in a petition for post-conviction relief, the petitioner bears the initial burden of submitting evidentiary documents that together contain sufficient operative facts which, if believed, would establish counsel substantially violated at least one of the attorney's essential duties to his or her client, and the defendant was prejudiced as a result.Cole, at 114; Jackson, syllabus. "Judicial scrutiny of counsel's performance must be highly deferential * * * and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, at 689;Bradley, at 142.
 {¶ 11} Here, defendant's petition fails to demonstrate that he is entitled an evidentiary hearing, much less relief. Defendant attached to his original petition the letter from the Ohio Public Defender's office refusing to represent him in filing a petition for post-conviction relief. The letter does nothing to support defendant's contention that his trial counsel should have called three additional witnesses during defendant's trial.
 {¶ 12} Similarly, nothing but defendant's own affidavit supports his amended petition for post-conviction relief. While the affidavit attempts to explain defendant's difficulty in procuring affidavits from the witnesses, and to propose the testimony the witnesses would have offered if called to testify, his affidavit is insufficient. Defendant's difficulty in procuring the desired information is not a basis for the statutory relief defendant seeks. Moreover, his own affidavit purporting to delineate the testimony the three uncalled witnesses would have submitted attempts to verify information that is not within defendant's personal knowledge. As a result, the affidavit is not competent evidence to support defendant's petition. State v. Silverman, Franklin App. No. 06AP-1278, *Page 7 2007-Ohio-6498; State v. Jackson, Franklin App. No. 01AP-808, 2002-Ohio-3330, at ¶ 45 (stating "[t]o overcome the barrier of res judicata, a petitioner must attach evidence dehors the record that is `competent, relevant and material,'" and concluding an affidavit not made from personal knowledge is not admissible evidence); State v.Gapen, Montgomery App. No. Civ.A. 20454, 2005-Ohio-441.
 {¶ 13} Instead, to support his claim that three witnesses would have testified favorably to him, defendant needed to submit affidavits from those with personal knowledge about their potential testimony: the witnesses themselves. While defendant submitted letters from other persons explaining the difficulty in procuring the evidence defendant needed and suggesting "K.L." killed Barbour, none of the letters' authors submitted an affidavit, made from personal knowledge, stating defendant was not the shooter. See State v. Patterson (Sept. 23, 1999), Franklin App. No. 98AP-1369 (concluding a letter was insufficient support for a post-conviction petition).
 {¶ 14} Given the lack of evidentiary material to support defendant's petition, the trial court could not determine trial counsel was ineffective in failing to call the witnesses, as it was unable to ascertain what testimony those witnesses might have offered. Similarly, the trial court could not conclude defendant sustained any prejudice from the absence of those witnesses, as they provided no evidence to the trial court about their testimony had they been called as witnesses in defendant's trial. The trial court thus did not err in denying defendant's petition for post-conviction relief without first conducting an evidentiary hearing. Defendant's first, second, and fourth assignments of error are overruled. *Page 8 
II. Third Assignment of Error {¶ 15} Defendant's third assignment of error contends trial counsel was ineffective in failing to play a recording after a prosecution sidebar. Defendant's contention, however, raises an issue apparent on the face of the trial transcript. Accordingly, any error connected with it could have been raised during defendant's direct appeal. Because res judicata bars any claim that was raised or could have been raised on direct appeal, defendant's contentions are barred by the doctrine of res judicata. State v. Steffen (1994), 70 Ohio St.3d 399, 410; State v.Szefcyk (1996), 77 Ohio St.3d 93, 95 (stating that "[r]es judicata is applicable in all postconviction relief proceedings"). Defendant's third assignment of error is overruled.
 {¶ 16} Having overruled all four of defendant's assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
 McGRATH, P.J., and TYACK, J., concur. *Page 1