[Cite as *State v. McKinney*, 2025-Ohio-680.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 24AP-409<br>(C.P.C. No. 05CR-7130) |
| Anthony L. McKinney, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on February 28, 2025

**On brief:** [*Shayla Favor*]*,* Prosecuting Atty., and *Sheryl L. Pritchard*, for appellee.

**On brief:** *Anthony L. McKinney*, pro se.

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Defendant-appellant, Anthony L. McKinney, appeals the June 5, 2024 judgment of the Franklin County Court of Common Pleas denying his May 2, 2024 motion for a de novo resentencing. McKinney was originally convicted of one count of murder, three counts of felonious assault, and one count of having a weapon while under disability in April 2006, and was sentenced to an aggregate term of 28 years to life. On appeal, this court recounted the facts of those crimes as follows:

> [O]n October 13, 2005, four individuals -- Terrance Barbour, Sherman Justice, Terrell Craig, and Jermaine Freeman - drove to an apartment building located at 3676 Cleveland Avenue. The purpose for this trip was to visit Barbour's cousin, "Timmy," and to plan a party celebrating Barbour's release from the Department of Youth Services. When they arrived at the apartment building, three people were in the parking lot, one of whom was identified by Craig and Freeman as appellant [Anthony L. McKinney]. There was a brief confrontation between the two groups at that time.

> The four discovered that Timmy had moved out of his apartment in the building to another apartment on the other side of Cleveland Avenue. The group found Timmy's apartment and visited him for a brief time. As they exited Timmy's apartment, the group was confronted by an individual named Mickey Hairston. Hairston had a gun, and argued with Barbour.
>
> The group went back across Cleveland Avenue to return to their car so they could leave. As they passed through the apartment building, Craig saw Hairston hand a gun to appellant. As Craig got into the driver's seat of their car, he saw appellant, who was standing in the doorway from which the group had just exited the apartment building, begin firing the gun towards him and his group. Craig started to pull the car out of its parking space when he saw that Barbour had been hit by gunfire. Barbour had been struck in the neck by a bullet, and ultimately died from blood loss. In addition, Justice had been shot in the leg.

*State v. McKinney*, 2007-Ohio-1842, ¶ 2-4 (10th Dist.).

**{¶ 2}** This court affirmed McKinney's conviction and sentence for those crimes, and the Supreme Court of Ohio declined to accept jurisdiction over McKinney's subsequent appeal. *Id.* at ¶ 18, *jurisdictional motion overruled* at *State v. McKinney*, 115 Ohio St.3d 1412 (2007). McKinney filed a postconviction petition which was overruled, and this court affirmed that decision in *State v. McKinney*, 2008-Ohio-1281 (10th Dist.). He filed a federal habeas corpus petition that was subsequently dismissed, *see McKinney v. Warden*, 2011 U.S. Dist. LEXIS 59529 (S.D.Ohio June 3, 2011), and the Sixth Circuit denied his request for a certificate of appealability. *McKinney v. Warden*, 2012 U.S. App. LEXIS 27291 (6th Cir. Apr. 13, 2012). McKinney was resentenced on March 12, 2012, to correctly impose the required postrelease control portion of his sentence, and this court again affirmed. *State v. McKinney*, 2013-Ohio-1149 (10th Dist.). His subsequent appeals and motions attempting to challenge his convictions and sentence have been similarly unsuccessful.

**{¶ 3}** On May 2, 2024, McKinney filed a new motion requesting the trial court "to entertain and grant his motion for de novo sentencing to apply H.B.86, and to properly impose Post Release Control, with imposition of firearm terms on all counts, including court's [sic] determination on number of days of jail time credit earned." (May 2, 2024 Mot. at 1.) The state filed a response on May 13, 2024, and the trial court overruled McKinney's motion, holding that "[a]ll issues raised in Defendant's motion were either

already or should have been raised in the direct appeal or his subsequent appeals. Therefore, the issues are barred by the doctrine of *res judicata*." (June 21, 2024 Am. Entry Den. Def.'s Mot. for De Novo Sentencing to Apply H.B. 86, and to Properly Impose Post Release Control, with Imposition of Firearm Terms, on All Counts, Including Court's Determination on No. of Days of Jail Time Credit Earned at 1.) McKinney now appeals and asserts a single assignment of error:

> The trial court erred and abused its discretion and denied appellant his Fifth and Fourteenth Amendments to Equal Protection and Due Process right [sic], and acted in a capricious and arbitrary manner by denying appellant's motion for de novo sentencing to apply H.B.86, and to properly impose (PRC) post release control, with imposition of firearm terms on all counts, including court's determination on number of days jail time credit earned [sic].

McKinney argues that the trial court was required to hold a de novo sentencing hearing because the trial court's sentencing in 2012 was erroneous, because 1) the trial court failed to properly impose firearm specification terms on all counts, 2) the trial court failed to properly impose postrelease control on the charge of having a weapon while under disability, 3) the trial court failed to specifically mention and consider 2011 Am.Sub.H.B. No. 86 when imposing his sentence, and 4) because the trial court failed to determine the number of jail-time credit days McKinney had earned in open court.

{¶ 4} As should be apparent, all of the issues McKinney raised in his motion are errors with the 2012 sentencing proceedings and entry, which this court has already affirmed. *See McKinney*, 2013-Ohio-1149. Presumably, McKinney believed he could challenge these issues in a new collateral attack by motion because the trial court's alleged failure to properly impose postrelease control and the trial court's alleged failure to impose sentences on firearm specifications rendered his sentence void. But in *State v. Harper*, 2020-Ohio-2913, and *State v. Hudson*, 2020-Ohio-3849, the Supreme Court revisited the void sentence doctrine, and held that "[w]hen a case is within a court's subject-matter jurisdiction and the accused is properly before the court, any error in the exercise of that jurisdiction in imposing postrelease control renders the court's judgment voidable. . . . [Such a sentence is] not void, and it is not subject to collateral attack." *Harper* at ¶ 4-5. Discussing the ancient case *Ex Parte Shaw*, 7 Ohio St. 81, 82 (1857), in which a trial court imposed a one-year prison term for horse theft rather than the statutorily-required three-

year term, the *Harper* court observed that such a sentence is not generally void, but instead voidable, and is not subject to collateral challenges. *Harper* at ¶ 21. The Supreme Court further clarified this rule in *State v. Bates* and held that an attack on a voidable sentence "must be brought on direct appeal or it will be barred by res judicata." *State v. Bates*, 2022-Ohio-475, ¶ 32, citing *Harper* and *Hudson*.

{¶ 5} Here, the errors alleged by McKinney do not address the trial court's subject-matter jurisdiction, and they do not address whether he was properly before that court. The trial court "had jurisdiction over the offense and its punishment . . . [and] had authority to pronounce sentence." *Shaw* at 82; *see also Harper* at ¶ 21. Therefore, in accordance with *Shaw*, *Harper*, *Hudson*, and *Bates*, the trial court correctly concluded that review of the issues raised is barred by res judicata. We conclude likewise.

{¶ 6} Because McKinney's arguments are barred by res judicata, his sole assignment of error lacks merit and is overruled. The judgment of the Franklin County Court of Common Pleas in this case is affirmed.

*Judgment affirmed.*

DORRIAN and LELAND, JJ., concur.

———————————