OPINION
{¶ 1} Defendant-appellant, Byron Clayborn, appeals from a judgment of the Franklin County Court of Common Pleas convicting him of one count of pandering sexually oriented matter involving a minor. Because Clayborn failed to timely appeal from this judgment, we dismiss his appeal.
 {¶ 2} On August 6, 2007, Clayborn was indicted with: (1) 13 counts of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(1) and/or (2), a second degree felony, and (2) 13 counts of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(5), a fourth degree felony. Ultimately, Clayborn *Page 2 
pled guilty to one count of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(1) and/or (2), a second degree felony. During the combined plea and sentencing hearing, the trial court informed Clayborn that his guilty plea rendered him a tier II sex offender. Pursuant to R.C. 2950.03, the trial court then notified Clayborn of his duties to register and periodically verify his address.
 {¶ 3} On May 30, 2008, the trial court issued a judgment entry convicting Clayborn of pandering sexually oriented matter involving a minor and imposing a two-year sentence. Clayborn now appeals from that judgment.
 {¶ 4} According to App. R. 4(A):
 A party shall file the notice of appeal required by App. R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure.
Failure to comply with App. R. 4(A) is a jurisdictional defect and is fatal to any appeal. In re H.F., 120 Ohio St.3d 499, 2008-Ohio-6810, ¶ 17;Bond v. Village of Canal Winchester, 10th Dist. No. 07AP-556,2008-Ohio-945, ¶ 11.
 {¶ 5} In the case at bar, Clayborn filed his notice of appeal on July 15, 2008 — 46 days after the entry of the May 30, 2008 judgment. Thus, Clayborn's notice of appeal was untimely, and we must dismiss his appeal due to his noncompliance with App. R. 4(A).
 {¶ 6} Clayborn, however, argues that this court should apply the portion of App. R. 4(A) governing the filing of notice of appeals in civil cases to his appeal. App. R. 4(A) tolls the time period for filing a notice of appeal in a civil case if the trial court's clerk fails to serve the parties within the three-day period specified in Civ. R. 58(B).State ex rel. Sautter v. Grey, 117 Ohio St.3d 465, 2008-Ohio-1444, ¶ 16. Clayborn asserts that the *Page 3 
clerk did not serve him as mandated in Civ. R. 58(B), and thus, this lack of service indefinitely tolled the time for filing his notice of appeal.
 {¶ 7} The App. R. 4(A) tolling provision only saves Clayborn's appeal if Clayborn is appealing from a "civil case." Clayborn, however, appeals from a quintessential criminal case — a case initiated with an indictment alleging that Clayborn committed criminal offenses and concluded with a conviction for one of those offenses and a two-year sentence. Moreover, State v. Furlong (Feb. 6, 2001), 10th Dist. No. 00AP-637, does not provide Clayborn with a basis for claiming that he appeals from a civil case. In Furlong, we applied the App. R. 4(A) tolling provision to an appeal from a judgment finding that the defendant was a sexual predator. There, we allowed the defendant to benefit from a tolling provision that applies only to "civil case[s]" because the "sexual predator hearing is a civil proceeding." Id. In the case at bar, no civil proceeding occurred.
 {¶ 8} Relying upon State v. Hayden, 96 Ohio St.3d 211, 2002-Ohio-4169, the dissent asserts that a defendant's sex offender classification, even if imposed as a matter of law through the operation of statute, is civil in nature. While we do not disagree, we do not believe that the underlying case is a "civil case" merely because the trial court informed Clayborn that R.C. Chapter 2950 categorized him as a tier II sex offender.
 {¶ 9} Because Clayborn appeals from a criminal — not civil — case, the App. R. 4(A) tolling provision does not extend the time for filing his appeal. Having found Clayborn's notice of appeal untimely, we dismiss this appeal.
Appeal dismissed.
SADLER, J, concurs. BRYANT, J., dissents. *Page 4