THE STATE OF OHIO, APPELLEE, *v.* CLAYBORN, APPELLANT.

[Cite as *State v. Clayborn*, 125 Ohio St.3d 450, 2010-Ohio-2123.]

*Criminal appeals — App.R. 4(A) — An appeal from an R.C. Chapter 2950 sexual-offender classification judgment is an appeal in a criminal case that must be filed pursuant to App.R. 4(A) within 30 days after judgment is entered — Judgment affirmed.*

(No. 2009-0971 — Submitted February 17, 2010 — Decided May 20, 2010.)

APPEAL from the Court of Appeals for Franklin County, No. 08AP-593, 2009-Ohio-1751.

_____

SYLLABUS OF THE COURT

An appeal from an R.C. Chapter 2950 sexual-offender classification judgment is an appeal in a criminal case that must be filed pursuant to App.R. 4(A) within 30 days after judgment is entered.

_____

LUNDBERG STRATTON, J.

{¶ 1}  Today this court must decide whether an appeal from an R.C. Chapter 2950 sexual-offender classification judgment is an appeal of a criminal matter that must be filed within 30 days after judgment in the case is entered, or whether it is a civil matter for which the 30-day deadline is tolled until the defendant has been served with a copy of the judgment entry.  See App.R. 4(A).  Because we hold that an appeal from an R.C. Chapter 2950 sex-offender classification judgment is governed by the time within which the defendant may appeal the criminal judgment (conviction and sentence), we affirm the judgment of the court of appeals, but for reasons different from those of the court of appeals.

**Facts and Procedural History**

{¶ 2} On August 6, 2007, Byron Clayborn, defendant-appellant, was indicted on 26 felony counts of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322. On May 27, 2008, Clayborn pleaded guilty to one second-degree felony count of pandering sexually oriented matter involving a minor.

{¶ 3} At the plea and sentencing hearing, after the trial court advised Clayborn of his rights under Crim.R. 11, the trial court informed Clayborn that pursuant to R.C. Chapter 2950, as amended by 2007 Am.Sub.S.B. No. 10 ("S.B. 10"), his guilty plea to the charge of pandering sexually oriented matter involving a minor rendered him a Tier II sexual offender. Then, pursuant to R.C. 2950.03, the trial court notified Clayborn of his duties to periodically register with his county sheriff.

{¶ 4} On May 30, 2008, the trial court issued a judgment entry in Clayborn's case. The entry imposed a two-year prison sentence with credit for time served, fines and costs, and a mandatory term of five years of postrelease control. The conviction automatically classified Clayborn as a Tier II sexual offender pursuant to S.B. 10, with registration duties every 180 days for 25 years.

{¶ 5} Clayborn filed a notice of appeal on July 15, 2008 – 46 days after the entry of the May 30, 2008 judgment. Clayborn challenged his classification, not his conviction or sentence, arguing that the clerk of the court did not serve him as mandated in Civ.R. 58(B) and that this lack of service indefinitely tolled the time for filing his notice of appeal. Clayborn argued that although more than 30 days had passed since the date of the trial court's judgment, sexual-offender-classification proceedings are civil in nature and therefore fall within the App.R. 4(A) tolling provisions. The court of appeals held that the appeal was criminal, and therefore, Clayborn's notice of appeal was untimely. The court sua sponte dismissed his appeal for noncompliance with App.R. 4(A). *State v. Clayborn*,

Franklin App. No. 08AP-593, 2009-Ohio-1751, ¶ 9. The cause is now before this court pursuant to the acceptance of a discretionary appeal. *State v. Clayborn*, 122 Ohio St.3d 1502, 2009-Ohio-4233, 912 N.E.2d 107.

**Analysis**

{¶ 6} Since 1963, Ohio has had a sex-offender-registration statute. See former R.C. Chapter 2950, 130 Ohio Laws 669-672. In 1996, the General Assembly rewrote R.C. Chapter 2950 as part of Am.Sub.H.B. No. 180, 146 Ohio Laws, Part II, 2560, otherwise known as "Megan's Law." When Clayborn committed the crime, Megan's Law, R.C. Chapter 2950, was in effect. When Clayborn was convicted and sentenced on May 30, 2008, Ohio's newest version of R.C. Chapter 2950, S.B. 10, otherwise known as the "Adam Walsh Act," was in effect. Under S.B. 10, a violation of R.C. 2907.322 is a Tier II offense pursuant to R.C. 2950.01(F)(1)(a). Consequently, pursuant to S.B. 10, the trial court properly notified Clayborn of his duty to register as a Tier II offender.

{¶ 7} Clayborn filed his appeal 46 days after entry of the judgment. App.R. 4(A) states, "A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure." But on appeal, Clayborn argued that the sexual-offender classifications are intended to be administrative, not punitive, and are therefore civil determinations. Therefore, because Clayborn did not receive service of the judgment and entry, he claims that the portion of App.R. 4(A) addressing civil cases should apply and that his appeal was timely filed.

{¶ 8} The court of appeals disagreed, concluding that Clayborn was appealing "from a quintessential *criminal* case – a case initiated with an indictment alleging that Clayborn committed criminal offenses and concluded

with a conviction for one of those offenses and a two-year sentence." (Emphasis sic.) *Clayborn*, 2009-Ohio-1751, ¶ 7. We agree.

{¶ 9} Clayborn argues that although the collateral consequences are the result of a criminal prosecution, this court has consistently held that the classification, registration, and community-notification provisions of all versions of R.C. Chapter 2950 are civil and remedial in nature. We look to our line of cases involving R.C. Chapter 2950 for guidance.

{¶ 10} In *State v. Cook* (1998), 83 Ohio St.3d 404, 700 N.E.2d 570, we held that the registration and notification provisions of Megan's Law serve a remedial purpose of protecting the public and therefore are remedial, not punitive, in nature. Id. at 423. In *State v. Wilson,* 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, syllabus, we held that "[b]ecause sex-offender-classification proceedings under R.C. Chapter 2950 are civil in nature, a trial court's determination in a sex-offender-classification hearing must be reviewed under a civil manifest-weight-of-the-evidence standard * * * ." In *State v. Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d 110, this court held that the 2003 amendments (Am.Sub.S.B. No. 5) to R.C. Chapter 2950 are remedial in effect and therefore were not unconstitutional ex post facto laws. Id. at ¶ 43. However, those challenges to R.C. Chapter 2950 were filed and accepted as part of the underlying criminal cases. While we have held that the classification, registration, and notification system enacted as part of Megan's Law, as amended, is civil and remedial, the classification and its concomitant duties appear in the criminal judgment. We have not converted sex-offender-classification proceedings into separate civil cases procedurally or assigned them a civil docket number.

{¶ 11} Thus far, this court has not yet addressed whether S.B. 10 is punitive or remedial, but our holdings in *Cook*, *Wilson,* and *Ferguson* do not turn the sex offender classification proceedings in the underlying criminal case, which has a criminal case number, into a civil case. While sex-offender-classification

proceedings are civil in nature and require a civil manifest-weight-of-the-evidence standard, we hold that an appeal from a sexual offender classification judgment is a civil matter within the context of a criminal case. Therefore, although the court reviews the classification matter on civil standards, the appeal requirements applicable to criminal cases nonetheless apply.

**{¶ 12}** The state argues that constitutional challenges to retroactive application of S.B. 10 cannot be heard in this appeal because Clayborn's sexual-offender classification is an automatic consequence of conviction by virtue of the definitions set forth in R.C. 2950.01. Thus, the state contends that the trial court's judgment plays no role in the imposition of the classification, and therefore, there is no final, appealable order, and the appropriate remedy to challenge the constitutionality of S.B. 10 would have been to bring a declaratory judgment action. We disagree.

**{¶ 13}** In *State v. Hayden*, 96 Ohio St.3d 211, 2002-Ohio-4169, 773 N.E.2d 502, a case involving a prior version of R.C. Chapter 2950, we held that due process did not require a trial court to conduct a hearing to determine whether a defendant was a sexually oriented offender because according to that version, if a defendant had been convicted of a sexually oriented offense as defined in R.C. 2950.01(D), and is neither a habitual sex offender nor a sexual predator, "the sexually oriented offender designation attaches as a matter of law." Id. at paragraph two of the syllabus. Moreover, the state cites *State v. Zerla*, Franklin App. No. 04AP-1087, 2005-Ohio-5077, in which the court of appeals, citing *Hayden*, concluded that defendant's status as a sexually oriented offender arose by operation of law and not as a result of the trial court's judgment. Consequently, the court of appeals dismissed his appeal for lack of standing.

**{¶ 14}** Even though *Hayden* involved an appeal of a classification that arose via statute, we accepted and reviewed the case as a criminal appeal. Thus, we disagree with the state's contention and the court of appeals' conclusion that

the trial court took no action under R.C. Chapter 2950 because defendant's classification occurred as a matter of law. As the dissent below stated: "[T]he trial court decided an appealable issue under R.C. Chapter 2950: whether the amended provisions may be applied retroactively." *Clayborn*, 2009-Ohio-1751, ¶ 16 (Bryant, J., dissenting). Even though the classification occurred as a matter of law, to the extent that Clayborn wishes to challenge its application to him, the time to do so was the time frame within which he could challenge on appeal the underlying criminal judgment. (We express no opinion on Clayborn's challenge to the application of S.B. 10 to him.)

{¶ 15} From *Cook* to *Ferguson* and all cases in between, appellate courts have had the ability to review constitutional challenges to sexual-offender registration requirements on direct appeal. The state argues that the sexual-predator designation in some of those cases somehow distinguishes them from cases involving a sexually-oriented-offender designation. However, this court finds no such distinction. Clayborn was adversely affected by the trial court's finding him subject to the new tier-classification system, and we emphasize that challenges to the constitutionality of S.B. 10 on direct appeal from a criminal judgment are proper, regardless of the sexual-offender designation.

**Conclusion**

{¶ 16} Accordingly, we hold that an appeal from an R.C. Chapter 2950 sexual-offender classification judgment is an appeal in a criminal matter that must be filed pursuant to App.R. 4(A) within 30 days after judgment is entered. The appeal time having passed in this case, Clayborn may file a motion for leave to appeal pursuant to App.R. 5(A), which the court of appeals may consider under the standards that exist for accepting delayed appeals. Therefore, we affirm the judgment of the court of appeals but for reasons different from those of the appellate court. We note again that the defendant may seek relief through a motion for leave to appeal pursuant to App.R. 5(A).

Judgment affirmed.

O'CONNOR, O'DONNELL, and CUPP, JJ., concur.

PFEIFER and LANZINGER, JJ., concur in judgment only.

BROWN, C.J., not participating.

_____

Ron O'Brien, Franklin County Prosecuting Attorney, and Steven L. Taylor, Assistant Prosecuting Attorney, for appellee.

Yeura R. Venters, Franklin County Public Defender, and Allen V. Adair, Assistant Public Defender, for appellant.

_____