[Cite as *State v. Ford*, 2012-Ohio-4597.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98049**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## NATHAN FORD

DEFENDANT-APPELLANT

**JUDGMENT:**
**AFFIRMED**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-464709 and CR-469583

**BEFORE:** Stewart, P.J., Jones, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 4, 2012

**FOR APPELLANT**

Nathan Ford, Pro Se
Inmate No. 513-816
Trumbull Correctional Institution
P.O. Box 901
Leavittsburg, OH    44430


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Kristen L. Sobieski
            T. Allan Regas
Assistant County Prosecutors
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, P.J.:

{¶1} Defendant-appellant Nathan Ford brought this appeal after the court denied his third motion to withdraw his July 2006 no contest plea to 53 counts of rape, gross sexual imposition, kidnapping, felonious assault, and aggravated robbery. We need not consider any of Ford's 11 assignments of error because they have all been raised and decided adversely to him in prior judicial proceedings. They are res judicata.[1]

{¶2} Principles of res judicata "bar the assertion of claims in a motion to withdraw a guilty plea that were or could have been raised at trial or on appeal." *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, citing *State v. McGee*, 8th Dist. No. 91638, 2009-Ohio-3374, ¶ 9; *State v. Totten*, 10th Dist. Nos. 05AP-278 and 05AP-508, 2005-Ohio-6210, ¶ 7. What is more, "Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court." *State ex rel. Special Prosecutors v.*

---

[1] Ford also complains that in 2006, the court failed to give him proper notification that a hearing to be held on the provisions of R.C. Chapter 2950 would pertain to a sexual offender classification. In *State v. Clayborn*, 125 Ohio St.3d 450, 2010-Ohio-2123, 928 N.E.2d 1093, the syllabus states: "An appeal from an R.C. Chapter 2950 sexual-offender classification judgment is an appeal in a criminal case that must be filed pursuant to App.R. 4(A) within 30 days after judgment is entered." Ford did not appeal from the 2006 sexual offender classification, so his attempt to raise the issue in this appeal is untimely and we have no jurisdiction to address it.

*Judges of Belmont Cty. Court of Common Pleas*, 55 Ohio St.2d 94, 97, 378 N.E.2d 162 (1978).

{¶3} The gist of the motion to withdraw the no contest plea at issue here, like those motions before it, is that Ford entered his no contest plea conditionally. He claims to have been given assurances from the court and defense counsel that if he pleaded no contest, he would be subjected to medical testing to determine whether he had an organic brain anomaly that caused him to lack the capacity to commit the charged crimes. Ford was the subject of extensive medical testing during the discovery stage of the proceedings to determine his competence at the time of the offense and his competence to stand trial. All of the experts found him competent to stand trial.

{¶4} In October 2006, prior to sentencing, Ford sought to withdraw his no contest plea because one of the medical doctors found that Ford "suffers from a condition of FTD [frontotemporal dementia] and that the behaviors he has exhibited are strongly as a result of this entity." He also cited a psychologist's opinion that Ford's frontotemporal dementia could have caused a "lowered threshold for behavior dyscontrol and criminality" and that Ford's "crimes may meet the legal criteria of behavior driven by irresistible impulse."

{¶5} The court denied the motion to withdraw the no contest plea and Ford appealed, complaining that he was denied the effective assistance of counsel for failing to argue the presence of frontotemporal dementia and that the court abused its discretion by refusing to permit him to withdraw his no contest plea. We affirmed the conviction,

finding that counsel was not ineffective because an "irresistible impulse" could not excuse the actions of a person who did not otherwise meet the legal definition of insanity. *See State v. Ford*, 8th Dist. Nos. 88946 and 88947, 2007-Ohio-5722, ¶ 15. We also found that the court did not abuse its discretion by denying the motion to withdraw the no contest plea. *Id.* at ¶ 30.

{¶6} Ford filed a second motion to withdraw his no contest plea in December 2009, again arguing that his no contest plea was conditional because he was told by defense counsel during plea negotiations that no further medical testing would be conducted unless Ford entered the plea. These assurances, he claimed, amounted to a "contract" that his plea would not be binding if further medical testing did not occur and that counsel was ineffective for failing to raise this point to the court. The second motion to withdraw relied on the same medical reports contained in the October 2006 motion to withdraw. The court denied the second motion and Ford did not appeal.

{¶7} In September 2010, Ford filed a petition for postconviction relief, raising the issue of his conditional no contest plea. The motion was functionally identical to the second motion to withdraw the no contest plea in that it claimed that Ford's agreement to plead no contest in exchange for further medical testing constituted a contract and that defense counsel was ineffective for failing to advise the court that the contract had been breached. The petition for postconviction relief relied on the same evidence and arguments offered in support of the second motion to withdraw the no contest plea. The court summarily denied it. Ford attempted to appeal from this ruling, but we dismissed

the appeal for failure to file the record. *See State v. Ford*, 8th Dist. No. 95881, Motion No. 440049 (Dec. 13, 2010).

{¶8} In January 2012, Ford filed his third motion to vacate the no contest plea. That motion, like the second motion to withdraw the no contest plea and the petition for postconviction relief, again relied on the alleged conditional nature of the no contest plea, claiming that he had been denied the effective assistance of counsel because counsel promised that Ford would be given additional medical testing in exchange for his no contest plea.

{¶9} The court did not err by summarily rejecting the third motion to withdraw the no contest plea. Application of *Special Prosecutors* meant that the court lacked jurisdiction to consider the second motion to withdraw the no contest plea because that motion was filed after we affirmed Ford's no contest plea and conviction on direct appeal. It follows that a third motion to withdraw the no contest plea was likewise barred under *Special Prosecutors*.

{¶10} Even if *Special Prosecutors* did not apply, this is the fourth time that Ford has raised the issue of ineffective assistance of counsel, and the third time in which he has claimed that counsel was ineffective for failing to ensure that Ford's "contract" to plead no contest plea was enforced. The third motion to withdraw the no contest plea is identical in all material respects to the second motion to withdraw the no contest plea and the petition for postconviction relief. These issues have been previously adjudicated and are res judicata.

**{¶11}** Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.     A     certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

____
MELODY J. STEWART, PRESIDING JUDGE

LARRY A. JONES, SR., J., and
SEAN C. GALLAGHER, J., CONCUR