[Cite as *State v. Ford*, 2015-Ohio-4588.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102617**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# NATHAN FORD

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-05-464709-A and CR-05-469583-A

**BEFORE:**   McCormack, J., Celebrezze, A.J., and Keough, J.

**RELEASED AND JOURNALIZED:**   November 5, 2015

**FOR APPELLANT**

Nathan Ford, pro se
S/O #0235072
Cuyahoga County Jail
P.O. Box 5600
Cleveland, Ohio   44101


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   Gregory J. Ochocki
Assistant County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

{¶1} This is Nathan Ford's sixth appeal from his convictions in 2006 of 53 counts of rape, gross sexual imposition, kidnapping, felonious assault, and aggravated robbery. He had pleaded no contest to these charges. Since then, he has filed multiple appeals and mandamus actions to challenge his plea, repeatedly raising similar claims of ineffective assistance of counsel regarding his plea. As in his previous appeals, res judicata bars the claims he raises in this appeal.

{¶2} Ford raped multiple victims over an eight-year span between 1996 and 2004. He was sentenced to more than 100 years of imprisonment for these rapes and other offenses. This court affirmed his convictions in its ruling on his direct appeal in 2007, in *State v. Ford*, 8th Dist. Cuyahoga Nos. 88946 and 88947, 2007-Ohio-5722, *appeal not accepted for review*, 117 Ohio St.3d 1440, 2008-Ohio-1279, 883 N.E.2d 458. This court then denied his application for reopening in *State v. Ford*, 8th Dist. Cuyahoga Nos. 88946 and 88947, 2008-Ohio-1938. Since then, Ford has filed five appeals and four mandamus actions to challenge his plea and convictions.

{¶3} Ford continually litigates the same issue. He claimed he was diagnosed with "frontotemporal dementia" and that condition caused him to have "irresistible impulses," which he claimed excused his conduct.

{¶4} In his 2007 direct appeal, he argued his trial counsel was ineffective for not presenting his "frontotemporal dementia" as a complete defense. This court rejected his

claim of ineffective assistance of counsel. We explained that counsel was not ineffective in not presenting "irresistible impulse" as a complete defense because that condition could not have excused Ford, who did not otherwise meet the legal definition of insanity. *Ford*, 2007-Ohio-5722, at ¶ 5.

{¶5} In a subsequent appeal from the trial court's denial of his 2012 postconviction motion to withdraw the no-contest plea, *State v. Ford*, 8th Dist. Cuyahoga No. 98049, 2012-Ohio-4597, Ford again claimed ineffective assistance of counsel, but on a different ground: he claimed he entered his plea in exchange for further medical testing on his condition of frontotemporal dementia, but his counsel failed to advise the trial court of a breach of the "contract." This court held that the claim was barred by res judicata.

> Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

*State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

{¶6} In this latest effort to have his convictions reversed, Ford filed an Application for Petition to Vacate or Set Aside Judgment of Conviction or Sentence. The trial court summarily denied his petition. Ford presents the following three assignments of error for our review:

1. During critical stages of the criminal proceedings, counsel was ineffective for failing to warn/inform the defendant-appellant of the possibility of not being able to withdraw the pleas, as well as, erroneously informing and ill advising the defendant-appellant of inaccurate legal standards regarding the pleas, in violation of Article 1, Sections 10 and 16 of the Ohio Constitution and the 6th and 14th Amendments of the United States Constitution.

2. During critical stages of the criminal proceedings, counsel was ineffective for failing to inform the trial court that not all of the agreed-upon medical testing, (used to induce the plea), was received by the defendant-appellant, in violation of Article 1, Sections 10 and 16 of the Ohio Constitution and the 6th and 14th Amendments of the United States Constitution.

3. During the critical stages of the proceedings counsel rendered ineffective assistance when he failed to ensure that the defendant-appellant was made aware of his right to an independent psychiatric evaluation after a plea of not guilty by reason of insanity was entered, in violation of Article 1, Sections 10 and 16 of the Ohio Constitution and the 6th and 14th Amendments of the United States Constitution.

{¶7} This is Ford's second petition for postconviction relief. In his first petition, filed in 2010, he also raised issues regarding his "conditional" no-contest plea, claiming his counsel was ineffective for failing to advise the trial court that the "contract" was breached. The ground for the postconviction relief was the same as his 2012 postconviction motion to withdraw his plea. *Ford*, 2012-Ohio-4597, at ¶ 7-8. The assignments of error raised in the instant appeal are simply variations of his previous ineffective-assistance-of-counsel claims regarding his plea, and are similarly barred by res judicata. He could have raised these claims on his direct appeal. He did not. Principles of res judicata bar these contentions.

{¶8} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, JUDGE

FRANK D. CELEBREZZE, JR., A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR