[Cite as *State v. Arroyo-Garcia*, 2016-Ohio-7006.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 15AP-890 |
| v. | : | (C.P.C. No. 14CR-3871) |
| Jose L. Arroyo-Garcia, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 27, 2016

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

**On brief:** *Yeura Venters*, Public Defender, and *George M. Schumann*, for appellant.

**On brief:** *Jose L. Arroyo-Garcia*, pro se.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Jose L. Arroyo-Garcia, appeals from a judgment of conviction entered by the Franklin County Court of Common Pleas. For the following reasons, we affirm that judgment.

## I. Factual and Procedural Background

{¶ 2} On July 23, 2014, appellant and another individual were indicted for one count of aggravated trafficking and eight counts of trafficking in cocaine, all in violation of R.C. 2925.03. Appellant initially entered a not guilty plea to the charges. Subsequently,

appellant withdrew his not guilty plea and entered a guilty plea to four counts of trafficking in cocaine.

{¶ 3}   The trial court held a hearing to accept appellant's guilty plea.  The trial court, with the help of a certified interpreter, engaged in a colloquy with appellant to ensure that he was entering his guilty plea knowingly, intelligently, and voluntarily.  The trial court explained to him the possible immigration consequences his convictions could have, the constitutional rights he waived with his guilty plea, and the possible sentences he faced for each conviction.  Appellant replied that he understood.  Accordingly, the trial court accepted appellant's guilty plea, found him guilty, and sentenced him to consecutive 3-year prison terms for each conviction, for a total prison sentence of 12 years.

## II. Appellant's Appeal

{¶ 4}   Appellant, through counsel, appealed and assigns the following error:

> The trial court erred by entering judgment of conviction based upon guilty pleas that were not knowing, intelligent and voluntary.

{¶ 5}   Additionally, appellant has filed his own pro se brief, which assigns an additional error:

> The trial court erred in failing to merge Counts Two, Three, Four and Nine at sentencing.

### A. Appellant's Guilty Plea

{¶ 6}   Appellant's counsel has assigned as error whether the trial court properly accepted appellant's guilty plea.  The brief in support of that error, however, only sets forth the applicable law concerning the trial court's duty in accepting guilty pleas.  The brief does not present argument as to how or why the trial court violated any of those duties.  While counsel asks this court to engage in an independent review of the plea hearing under the auspices of *Anders v. California*, 386 U.S. 738 (1967), counsel has not requested to withdraw or otherwise followed the procedures set forth in *Anders*.  *See State v. Muhammed*, 10th Dist. No. 12AP-906, 2013-Ohio-2776, ¶ 5.

{¶ 7}   Without any argument as to how or why the trial court erred in accepting appellant's guilty plea, we must overrule appellant's first assignment of error.[1]

## B.  Appellant's Merger Claim

{¶ 8}   In appellant's pro se brief, he argues that the trial court should have merged all of his convictions for purposes of sentencing.  We disagree.

{¶ 9}   In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, the Supreme Court of Ohio set forth a test for determining whether offenses merge under R.C. 2941.25 for purposes of sentencing:

> [W]hen determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.

*Id.* at ¶ 31; *see also State v. Hobbs*, 10th Dist. No. 14AP-225, 2015-Ohio-2419, ¶ 32-33.

{¶ 10} We note, however, that appellant did not raise the merger issue at sentencing.  An accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error, and a forfeited error is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice.  Accordingly, an accused has the burden to demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus; and, absent that showing, the accused cannot demonstrate that the trial court's failure to inquire whether the convictions merge for purposes of sentencing constituted plain error.  *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 3.  A trial court does commit plain error, however, when it imposes multiple sentences for allied offenses of similar import.  *State v. McClurkin*, 10th Dist. No. 11AP-944, 2013-Ohio-1140, citing *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 31.

---

[1] We do note, however, the trial court's full and detailed compliance with the procedures required to accept a guilty plea pursuant to Crim.R. 11.

{¶ 11} Here, appellant argues that his four trafficking convictions were not committed separately or with separate animus because they were, in fact, one sale of drugs that only happened to be delivered on four different days. Appellant presented no evidence that would support this version of events. *State v. Black*, 8th Dist. No. 102586, 2016-Ohio-383, ¶ 23 (noting that although defendant asserted that his offenses should have merged, he points to nothing in the record to support that assertion). The only facts in the record are from appellant's plea hearing, during which the prosecutor indicated that appellant and another person offered to sell cocaine to another person on four different days.[2] Appellant did not object to those factual allegations. Those facts tend to show that the offenses at issue were separate and would not merge. *State v. Spano*, 11th Dist. No. 2015-L-082, 2016-Ohio-3120, ¶ 76-77 (prosecutor's recitation of facts enough to negate claim that offenses should merge).

{¶ 12} Appellant has not demonstrated a reasonable probability that his convictions should have merged for sentencing. Accordingly, he has not demonstrated plain error, and we overrule appellant's second assignment of error.

## III.  Conclusion

{¶ 13} Having overruled each of the assignments of error presented in this appeal, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and HORTON, JJ., concur.

_____

---

[2] Appellant's indictment also alleged that each of the offenses occurred on different days.