[Cite as *State v. Stowers*, 2018-Ohio-926.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-160724 |
| | | TRIAL NO. B-7800309 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| TODD WALLACE STOWERS, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  March 14, 2018

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Ohio Justice and Policy Center* and *David A. Singleton*, for Defendant-Appellant.

**MYERS, Presiding Judge.**

{¶1} Defendant-appellant Todd Wallace Stowers was indicted for rape and robbery on February 4, 1978. He pleaded guilty to attempted rape and the robbery charge was dismissed. On May 11, 1978, he was sentenced to two to 15 years' incarceration. He was paroled on July 19, 1981. On March 4, 1982, he was convicted of two counts of theft and sentenced to concurrent terms of two to five years. He was returned to prison on the parole violation for the attempted rape and on the theft convictions. Because he had committed the thefts while on parole, former R.C. 2929.14(B)(3) required that the sentences for the thefts be served consecutively to the sentence for attempted rape.

{¶2} Effective July 1, 1997, the General Assembly enacted former R.C. Chapter 2950 ("Megan's Law"). *See* Am.Sub.H.B. No. 180, 146 Ohio Laws, Part II, 2560, enacted in 1996, amended in 2003 by Am.Sub.S.B. No. 5, 150 Ohio Laws, Part IV, 6556. Former R.C. 2950.04(A)(1)(a) provided that an offender who was serving a prison term for a sexually-oriented offense on July 1, 1997, was required to register as a sex offender. On April 7, 1997, while serving time for a parole violation, Stowers was ordered back from prison to the trial court for a sexual-offender-classification hearing under Megan's Law. He was adjudicated as a sexual predator. We affirmed his classification on appeal, overruling his constitutional challenges. *State v. Stowers*, 1st Dist. Hamilton No. C-970423, 1998 WL 140097 (Mar. 27, 1998) ("*Stowers I*"). After being released on parole and reincarcerated various times for parole violations, Stowers was finally released from prison on December 3, 1997, after serving a total of nearly 17 years.

{¶3} In 2005, the Ohio Supreme Court decided *State v. Champion*, 106 Ohio St.3d 120, 2005-Ohio-4098, 832 N.E.2d 718, which held that an offender

whose prison term for a sex offense had been completed before July 1, 1997, was not required to register under Megan's Law even if the offender had been returned to prison on a parole violation for a term to be served concurrently with the term for the sexually-oriented offense. In 2006, Stowers filed a motion to set aside the order requiring him to register based on *Champion*. Stowers argued that he had finished serving his sentence for the attempted rape prior to July 1, 1997, and therefore, Megan's Law could not be applied to him. The trial court overruled the motion, but did not order the clerk to serve Stowers with a copy of the order. Stowers did not appeal from that judgment.

{¶4} On January 7, 2014, in a separate case, Stowers was indicted for failing to notify the sheriff of an address change. Citing *Champion*, he filed a motion to dismiss the indictment and requested an order removing his name from the sex-offender registry. The trial court granted the motion to dismiss the indictment and ordered that his name be removed from the registry. The state appealed. We held that res judicata precluded Stowers from raising the *Champion* issue, because he had raised that issue in the 2006 motion in the other case, it had been decided against him, and he had not appealed from that judgment. We reversed the trial court's judgment dismissing the indictment and removing Stowers's name from the sex-offender registry and remanded the cause for further proceedings. *State v. Stowers*, 1st Dist. Hamilton No. C-150095, 2015-Ohio-4846 ("*Stowers II*").

{¶5} After our opinion was released, Stowers filed a motion in his original 1978 attempted-rape case, the case sub judice, requesting that the trial court comply with Civ.R. 58(B) and order the clerk to serve him with the 2006 entry overruling his *Champion* motion to set aside the order requiring him to register. He cited *State v. Banks*, 1st Dist. Hamilton No. C-130469 (May 2, 2014), a judgment entry from this court, arguing that he had never been served with the 2006 judgment entry as

3

required by Civ.R. 58(B), and therefore, the time to appeal the 2006 entry had not run. On September 6, 2016, the trial court granted the motion and ordered the clerk to serve Stowers with the 2006 judgment entry. Stowers filed his notice of appeal as to the 2006 *Champion* motion on September 15, 2016.

{¶6} Before reaching the merits of Stowers's appeal, we must determine whether it is timely.

{¶7} Proceedings under Megan's Law were civil, not criminal. *State v. Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d 110; *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264; *State v. Cook*, 83 Ohio St.3d 404, 416-418, 700 N.E.2d 570 (1998); *State v. Hunter*, 144 Ohio App.3d 116, 121, 759 N.E.2d 809 (1st Dist.2001). In civil cases, App.R. 4(A) requires the notice of appeal to be filed within 30 days of "service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure." App.R. 4(A); *Harvey v. Hwang*, 103 Ohio St.3d 16, 2004-Ohio-4112, 812 N.E.2d 1275, ¶ 15. Civ.R. 58(B) requires the court to endorse on its judgment "a direction to the clerk to serve upon all parties * * * notice of the judgment and its date of entry upon the journal." Civ.R. 58(B); *Harvey* at ¶ 14.

> The thirty-day time limit for filing the notice of appeal does not begin to run until the later of (1) entry of the judgment or order appealed if the notice mandated by Civ.R. 58(B) is served within three days of the entry of judgment; or (2) service of the notice of judgment and its date of entry if service is not made on the party within the three-day period in Civ.R. 58(B).

*Whitehall ex rel. Fennessy v. Bambi Motel, Inc.*, 131 Ohio App.3d 734, 723 N.E.2d 633 (10th Dist.1998). "App.R. 4(A) contains a tolling provision that applies in civil cases when a judgment has not been properly served on a party according to Civ.R.

58(B)." *In re Anderson*, 92 Ohio St.3d 63, 748 N.E.2d 67 (2001); *see Frazier v. Cincinnati School of Med. Massage*, 1st Dist. Hamilton No. C-060359, 2007-Ohio-2390, ¶ 17. "Thus, regardless of whether an appellant actually knows that a judgment has been entered, the time for appealing that judgment begins to run only 'upon service of notice of the judgment and notation of service on the docket by the clerk of courts.' " *State v. Young*, 1st Dist. Hamilton No. C-140236, 2015-Ohio-774, ¶ 4, quoting *Clermont Cty. Transp. Improvement Dist. v. Gator Milford, L.L.C.*, 141 Ohio St.3d 542, 2015-Ohio-241, 26 N.E.3d 806, syllabus.

{¶8} Stowers was not served with the trial court's 2006 judgment overruling his motion to set aside the order requiring him to register until September 9, 2016. Service was made pursuant to the court's September 6, 2016 order to the clerk to serve Stowers with the judgment. Stowers filed his notice of appeal on September 15, 2016. Therefore his appeal from the 2006 judgment is timely, and we may entertain his appeal on the merits. *See State v. Reece*, 1st Dist. Hamilton Nos. C-160228 and C-160229, 2016-Ohio-7858, ¶ 4 (where the trial court had entered an order in 2006 overruling defendant's *Champion* motion to set aside the order requiring him to register, but defendant had never been served with the 2006 judgment entry, defendant's appeals filed in 2016 were timely).

{¶9} The state argues that Stowers's appeal is untimely pursuant to the Ohio Supreme Court's decision in *State v. Clayborn*, 125 Ohio St.3d 450, 2010-Ohio-2123, 928 N.E.2d 1093, which stated, "An appeal from an R.C. Chapter 2950 sexual-offender classification judgment is an appeal in a criminal case that must be filed pursuant to App.R. 4(A) within 30 days after judgment is entered." *Id.* at syllabus. But *Clayborn* is distinguishable. *Clayborn* involved a direct appeal from an initial sex-offender-classification judgment. In *Clayborn*, the Supreme Court recognized its line of cases holding that sex-offender-classification procedures under Megan's Law

5

were civil and remedial, but carved out an exception for the time for appealing a sex-offender-classification judgment, noting that "the [sex-offender] classification and its concomitant duties appear in the criminal judgment." *Id.* at ¶ 10. The court held that "an appeal from a sexual offender classification judgment is a civil matter within the context of a criminal case" and that "the appeal requirements applicable to criminal cases * * * apply." *Id.* at ¶ 11. In *Clayborn*, as in all initial classification hearings, the defendant was present in court when the classification was announced.

{¶10} In this case, Stowers is not appealing from the initial sex-offender-classification judgment entered in 1997. He is appealing from the trial court's 2006 judgment overruling his motion to vacate his sex-offender classification, which was filed after conviction and to which Civ.R. 58(B) service rules apply. *See Reece* at ¶ 4. Unlike his initial classification, Stowers was not present when the decision was announced, nor was it part of his criminal sentencing entry. Therefore, his appeal is timely.

{¶11} The state also argues that pursuant to our opinion in *Stowers II*, res judicata precludes Stowers from raising the issue of whether the trial court had the authority to order him to register as a sex offender. In *Stowers II*, Stowers had been indicted for failing to notify the sheriff of an address change. The trial court granted Stowers's *Champion* motion to dismiss the indictment, and the state appealed. We stated that where a jurisdictional issue has been fully litigated and decided by a court with the authority to pass on the issue, the decision is res judicata in a collateral action and can only be challenged in a direct appeal. We held, based on the record before us in that case, that Stowers could not collaterally attack the trial court's 2006 judgment where he had failed to appeal it. The parties did not raise, and we did not address, the issue of whether the time had run for appealing the trial court's 2006 judgment overruling Stowers's motion to set aside the order requiring him to register

in the original attempted-rape case. We hold now that it had not. Stowers has now filed a timely appeal from that judgment, and we will address its merits.

{¶12} Stowers's sole assignment of error alleges that the trial court erred in denying his 2006 motion to set aside the order requiring him to register as a sexual predator. Stowers argues that pursuant to *Champion*, 106 Ohio St.3d 120, 2005-Ohio-4098, 832 N.E.2d 718, he has no duty to register because he completed his prison sentence for attempted rape before July 1, 1997.

{¶13} On May 11, 1978, Stowers was sentenced to two to 15 years' incarceration for attempted rape. He was paroled on July 19, 1981. While on parole, he committed two theft offenses, for which he was sentenced on March 4, 1982, to concurrent terms of two to five years. Stowers was returned to prison on the parole violation for the attempted rape and on the theft convictions. Because he had committed the thefts while on parole, former R.C. 2929.14(B)(3) required that the theft sentences be served consecutively to the attempted-rape sentence. Following several returns to prison for parole violations, Stowers ultimately was released from prison on December 3, 1997. He had served a total of nearly 17 years. Therefore, he had to have completed the 15-year maximum sentence for attempted rape well before July 1, 1997, the effective date of Megan's Law's registration requirements. We note that the state does not argue in its brief that Stowers had not completed his attempted-rape sentence before July 1, 1997. The state argues only that res judicata precludes Stowers from raising this issue and that Civ.R. 58(B) does not apply to Stowers's appeal, issues that we have resolved in Stowers's favor.

{¶14} We hold that the trial court erred in overruling Stowers's 2006 motion to set aside the order requiring him to register as a sexual predator. Pursuant to *Champion*, 106 Ohio St.3d 120, 2005-Ohio-4098, 832 N.E.2d 718, he has no duty to

register because he completed his prison sentence for attempted rape before July 1, 1997. Stowers's assignment of error is sustained.

{¶15} The judgment of the trial court overruling Stowers's 2006 motion to set aside the order requiring him to register is reversed and this cause is remanded to the trial court with instructions to enter an order granting Stowers's motion because he has no duty to register as a sex offender.

Judgment reversed and cause remanded.

**MILLER** and **DETERS, JJ.,** concur.

Please note:

The court has recorded its own entry this date.