[Cite as *State v. Arroyo-Garcia*, **2021-Ohio-4325.**]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio, :

      Plaintiff-Appellee, : No. 20AP-408
(C.P.C. No. 14CR-3871)

v. :

                                                (ACCELERATED CALENDAR)

Jose L. Arroyo-Garcia, :

      Defendant-Appellant. :

---

D E C I S I O N

Rendered on December 9, 2021

---

**On brief**: [*G. Gary Tyack*], Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

**On brief**: *Jose L. Arroyo-Garcia*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} Defendant-appellant, Jose L. Arroyo-Garcia, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion to vacate void judgment. For the reasons which follow, we deny the motion to dismiss the appeal filed by plaintiff-appellee, State of Ohio, and modify the judgment of the trial court.

{¶ 2} By indictment filed July 23, 2014, the state charged appellant with one count of aggravated trafficking and eight counts of trafficking in cocaine, all in violation of R.C. 2925.03 and felonies of the first degree. Each count alleged that the amount of the drug involved in the offense was equal to or exceeded 100 grams.

{¶ 3} On July 13, 2015, appellant entered a plea of guilty to the stipulated lesser-included offense of Counts 2, 3, 4, and 9 of the indictment: trafficking in cocaine in an

amount which equaled or exceeded 27 grams but was less than 100 grams. *See* R.C. 2925.03(C)(4)(f) and (g). Following a plea hearing, the trial court accepted appellant's guilty pleas and found him guilty. The court sentenced appellant to consecutive 3-year prison terms on each of the 4 counts, for a total prison sentence of 12 years. Appellant filed a direct appeal, and this court affirmed appellant's convictions in *State v. Arroyo-Garcia*, 10th Dist. No. 15AP-890, 2016-Ohio-7006.

{¶ 4} Appellant filed a pro se petition for postconviction relief on August 16, 2016. The state filed an answer and a motion to dismiss the petition. On September 26, 2016, the trial court granted the state's motion and dismissed appellant's petition for postconviction relief without a hearing.

{¶ 5} On December 20, 2019, appellant filed a pro se motion to vacate void judgment. Appellant argued in the motion that his convictions were void because he was "convicted and sentenced for the same offenses he was acquitted on" in violation of "double-jeopardy." (Mot. to Vacate at 4.) The state filed a memorandum opposing appellant's motion, arguing the motion was an untimely and successive petition for postconviction relief.

{¶ 6} On January 9, 2020, the trial court issued a decision and entry denying appellant's motion to vacate void judgment. The court determined that, despite its caption, appellant's motion was a petition for postconviction relief. The court concluded it lacked subject-matter jurisdiction to address the petition as it was appellant's second petition for postconviction relief and appellant failed to satisfy R.C. 2953.23(A).

{¶ 7} On August 31, 2020, appellant filed a notice of appeal from the court's January 9, 2020 decision. Appellant stated in the notice that the appeal was timely, as the court's docket failed to demonstrate compliance with Civ.R. 58.

{¶ 8} Appellant appeals, asserting the following sole assignment of error for our review:

> The trial court abused its discretion when it denied relief of vacating a void judgment.

{¶ 9} Initially, we must address the state's motion to dismiss the present appeal. The state asserts that this court lacks jurisdiction to review the case, as appellant filed his notice of appeal beyond the 30-day filing deadline provided for in App.R. 4(A)(1).

{¶ 10} App.R. 4(A)(1) states that, subject to App.R. 4(A)(3), "a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." "[F]ailure to file a timely notice of appeal under App.R. 4(A) is a jurisdictional defect." *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, ¶ 17, citing *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988). *Accord State v. Stepherson*, 10th Dist. No. 18AP-388, 2018-Ohio-4292, ¶ 2 (stating that the 30-day time limit in App.R. 4(A)(1) "is jurisdictional").

{¶ 11} App.R. 4(A)(3) provides that "[i]n a civil case, if the clerk has not completed service of notice of the judgment within the three-day period prescribed in Civ.R. 58(B), the 30-day periods referenced in App.R. 4(A)(1) and 4(A)(2) begin to run on the date when the clerk actually completes service." Civ.R. 58(B) requires the trial court to endorse on its judgment a direction to the clerk to serve notice of the judgment on all parties, and obligates the clerk to serve notice of the judgment on the parties and to note service on the docket within three days of entering the judgment upon the journal. Thus, in a civil case, App.R. 4(A)(3) " 'tolls the time period for filing a notice of appeal * * * if service is not made within the three-day period of Civ.R. 58(B).' " *State ex rel. Sautter v. Grey*, 117 Ohio St.3d 465, 2008-Ohio-1444, ¶ 16, quoting *State ex rel. Hughes v. Celeste*, 67 Ohio St.3d 429, 431 (1993). *See also Clermont Cty. Transp. Improvement Dist. v. Gator Milford, L.L.C.*, 141 Ohio St.3d 542, 2015-Ohio-241, syllabus (holding that the 30-day time period to file an appeal "begins upon service of notice of the judgment and notation of service on the docket by the clerk of courts regardless of actual knowledge of the judgment by the parties").

{¶ 12} "Although arising from a criminal conviction, a proceeding for postconviction relief under R.C. 2953.21 is a collateral attack upon the conviction and is civil in nature." *State v. Williams*, 10th Dist. No. 06AP-842, 2006-Ohio-5415, ¶ 4. *Accord State v. Steffen*, 70 Ohio St.3d 399, 410 (1994) (stating that "[a] postconviction proceeding is not an appeal of a criminal conviction, but, rather, a collateral civil attack on the judgment"). Because postconviction relief proceedings are civil in nature, "Civ.R. 58(B) applies to decisions on postconviction relief petitions" and "App.R. 4(A)(1) and (3) control appeals from the denial of a postconviction relief petition." *State v. Brisco*, 10th Dist. No. 19AP-859, 2020-Ohio-4582, ¶ 11, citing *State v. Barber*, 10th Dist. No. 16AP-172, 2017-Ohio-9257, ¶ 14. *See State v. Nichols*, 11 Ohio St.3d 40 (1984), paragraph two of the syllabus (stating that proceedings

for postconviction relief are "governed by the Ohio Rules of Appellate Procedure as applicable to civil actions"); *Williams* at ¶ 6.

{¶ 13} In the present case, the trial court properly construed appellant's motion to vacate void judgment as a petition for postconviction relief. "Courts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 12, citing *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993. A motion meets the definition of a petition for postconviction relief pursuant to R.C. 2953.21(A)(1) when, despite its caption, the motion: (1) was filed subsequent to appellant's direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence. *State v. Norman*, 10th Dist. No. 19AP-106, 2019-Ohio-4020, ¶ 11, citing *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997). The motion to vacate void judgment was filed subsequent to appellant's direct appeal, claimed a violation of double jeopardy, asserted the judgment of conviction was void, and asked the court to vacate the judgment and sentence. Accordingly, as the motion was a petition for postconviction relief, Civ.R. 58(B) applied to the court's decision denying the motion and App.R. 4(A)(3) controls the present appeal.

{¶ 14} The state contends that whether proceedings on a petition for postconviction relief remain a civil matter "is unclear" following the Supreme Court of Ohio's decision in *State v. Clayborn*, 125 Ohio St.3d 450, 2010-Ohio-2123. (Mot. to Dismiss at 8.) *Clayborn* held that, although sexual offender classification proceedings are civil in nature, an "appeal from a R.C. Chapter 2950 sexual-offender classification judgment [was] an appeal in a criminal case that must be filed pursuant to App.R. 4(A) within 30 days after judgment is entered." *Id.* at syllabus. However, a sexual offender classification proceeding is not a collateral attack on the judgment of conviction like a petition for postconviction relief. This court and the Supreme Court have also reiterated the principal that proceedings on petitions for postconviction relief are civil since *Clayborn* was decided. *See State v. Fox*, 10th Dist. No. 19AP-677, 2020-Ohio-5521, ¶ 6, quoting *State v. Sidibeh*, 10th Dist. No. 12AP-498, 2013-Ohio-2309, ¶ 8; *Brisco* at ¶ 11; *State v. Noling*, 149 Ohio St.3d 327, 2016-Ohio-8252, ¶ 16, quoting *State v. Broom*, 146 Ohio St.3d 60, 2016-Ohio-1028, ¶ 28.

Accordingly, *Clayborn* does not alter the well-established principle that proceedings on petitions for postconviction relief are civil in nature.

{¶ 15} Consistent with appellant's statement in his notice of appeal, the trial court's docket fails to demonstrate compliance with Civ.R. 58(B). The trial court did not direct the clerk to serve, nor did the clerk serve, notice of the January 9, 2020 judgment on the parties. Because there is no entry on the docket noting service of the judgment, as required by Civ.R. 58(B), appellant's time to appeal never ran under App.R. 4(A). Accordingly, appellant's August 31, 2020 notice of appeal was timely. *See Williams* at ¶ 7; *Brisco* at ¶ 14.

{¶ 16} The state further asserts that, even if the notice of appeal was timely filed, because the trial court lacked jurisdiction to address appellant's motion this court "lacks jurisdiction to entertain an appeal seeking a merits determination of the case." (Mot. to Dismiss at 8.) *See Stancourt v. Worthington City School Dist. Bd. of Edn.*, 164 Ohio App.3d 184, 2005-Ohio-5702, ¶ 18 (10th Dist.), quoting *Eagle Fireworks, Inc. v. Ohio Dept. of Commerce*, 4th Dist. No. 03CA28, 2004-Ohio-509, ¶ 7 (stating that " '[w]hen an appellate court determines that the trial court was without jurisdiction, it is not proper for the reviewing court to decide the merits of the case' "); *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 95 (1998).

{¶ 17} However, this court is not ruling on the merits of appellant's underlying petition for postconviction relief. Rather, in the present appeal we must determine whether the trial court properly found that it lacked jurisdiction to entertain appellant's petition. An appellate court "may review the exercise of power by the trial court on a petition for postconviction relief and determine whether or not [the trial court] properly exercised jurisdiction." *State v. Britford*, 10th Dist. No. 19AP-631, 2020-Ohio-4659, ¶ 19. " '[T]he question whether a court of common pleas possesses subject-matter jurisdiction to entertain an untimely petition for postconviction relief is a question of law, which appellate courts review de novo.' " *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, ¶ 24, quoting *State v. Kane*, 10th Dist. No. 16AP-781, 2017-Ohio-7838, ¶ 9. Accordingly, this court has jurisdiction to review the trial court's final order finding that it lacked jurisdiction to address appellant's second petition for postconviction relief. *See Mogavero v. Lombardo*, 10th Dist. No. 01AP-98 (Sept. 25, 2001), citing Article IV, Section 3(B)(2), Ohio

Constitution (stating that "[a]ppellate courts have jurisdiction to review the final orders or judgments of lower courts within their appellate districts").

{¶ 18} Based on the foregoing, the state's motion to dismiss the appeal is denied.

{¶ 19} Appellant's sole assignment of error asserts the trial court abused its discretion by denying the motion to vacate void judgment. While appellant presents arguments regarding the merits of the underlying motion, appellant does not present any argument regarding the court's conclusion that the motion was an untimely and successive petition for postconviction relief which did not satisfy R.C. 2953.23(A). As noted, the trial court properly construed appellant's motion to vacate void judgment as a petition for postconviction relief.

{¶ 20} Set forth in R.C. 2953.21 et seq., postconviction relief in Ohio is a statutorily created remedy designed to provide an avenue to correct a violation of constitutional rights. *State v. McKinney*, 10th Dist. No. 07AP-868, 2008-Ohio-1281, ¶ 7. "The postconviction relief process 'is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction.' " *State v. Conway*, 10th Dist. No. 17AP-90, 2019-Ohio-382, ¶ 9, quoting *State v. Murphy*, 10th Dist. No. 00AP-233 (Dec. 26, 2000). A postconviction petition does not provide a petitioner with a second opportunity to litigate his conviction. *State v. Hessler*, 10th Dist. No. 01AP-1011, 2002-Ohio-3321, ¶ 23.

{¶ 21} Because a petitioner's right to postconviction relief is created by statute, a postconviction petitioner "receives no more rights than those granted by the statute." *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999). Thus, "any right to postconviction relief must arise from the statutory scheme enacted by the General Assembly," including "the right to have one's claim heard at all." *Apanovitch* at ¶ 35-36.

{¶ 22} Appellant's December 20, 2019 motion was appellant's second petition for postconviction relief. The petition was also untimely pursuant to the time limits set forth in R.C. 2953.21(A)(2). R.C. 2953.23 provides that a court "may not entertain" a second or untimely petition unless either R.C. 2953.23(A)(1) or (2) apply. R.C. 2953.23(A)(1) requires the petitioner to demonstrate either: (1) they were unavoidably prevented from discovering the facts upon which the petitioner must rely to present their claim for relief, or (2) the United States Supreme Court recognized a new federal or state right that applies

retroactively to persons in petitioner's situation. If the petitioner can satisfy one of those two conditions, they must also demonstrate that "but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty." R.C. 2953.23(A)(1)(b). R.C. 2953.23(A)(2) pertains to certain cases where DNA testing establishes the petitioner's actual innocence. "[A] petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction petition." *Apanovitch* at ¶ 36. *Accord State v. Hollingsworth*, 10th Dist. No. 08AP-785, 2009-Ohio-1753, ¶ 98; *Britford* at ¶ 17.

{¶ 23} Appellant does not allege or establish any of the requirements necessary to bring an untimely petition for postconviction relief. Appellant has not alleged that he was unavoidably prevented from discovering the facts on which he relies in his petition. Notably, appellant's motion presented only legal arguments. *See State v. Melhado*, 10th Dist. No. 05AP-272, 2006-Ohio-641, ¶ 19 (stating that "R.C. 2953.23(A) contemplates the * * * discovery of new historical facts of the case, not new legal theories"). Appellant also has not alleged that the United States Supreme Court recognized a new right that could be applied retroactively to his case. Furthermore, as appellant pled guilty, he could not establish that, but for constitutional error at trial, no reasonable factfinder would have found him guilty. *See State v. Hamilton*, 10th Dist. No. 03AP-852, 2004-Ohio-3556, ¶ 4 (stating that the appellant could not satisfy R.C. 2953.23(A)(1)(b), as he "was convicted pursuant to his guilty plea and not by a trial"). Appellant also has not presented any argument regarding DNA evidence. Accordingly, as appellant did not satisfy the requirements of R.C. 2953.23(A)(1) or (2), the trial court properly determined that it lacked jurisdiction to entertain appellant's successive and untimely petition.

{¶ 24} After concluding it lacked jurisdiction, the trial court denied appellant's motion to vacate void judgment. This court has advised trial courts that they should "dismiss a petition for postconviction relief when jurisdiction is lacking, rather than denying the petition." *State v. Stewart*, 10th Dist. No. 19AP-458, 2020-Ohio-4709, ¶ 13; *Britford* at ¶ 20. *See also State v. Banks*, 10th Dist. No. 12AP-96, 2012-Ohio-3770, ¶ 11 (concluding that the "trial court did not err in denying appellant's petition [for postconviction relief], though technically the petition should have been dismissed for lack of jurisdiction"); *State v. Mangus*, 10th Dist. No. 06AP-1105, 2009-Ohio-6563, ¶ 13; *State*

*v. Elkins*, 10th Dist. No. 10AP-6, 2010-Ohio-4605, ¶ 16; *State v. Russell*, 10th Dist. No. 05AP-391, 2006-Ohio-383, ¶ 10.

{¶ 25} Accordingly, we agree with the trial court's conclusion that appellant's motion to vacate void judgment was an untimely and successive petition for postconviction relief which the trial court lacked jurisdiction to entertain. Therefore, appellant's sole assignment of error is overruled. We conclude, however, the trial court should have dismissed appellant's petition for lack of jurisdiction rather than denying the petition.

{¶ 26} For the foregoing reasons, we deny the state's motion to dismiss the appeal, overrule appellant's sole assignment of error, and modify the judgment of the Franklin County Court of Common Pleas to reflect the dismissal of appellant's petition for postconviction relief.

*Motion to dismiss denied; judgment modified;*
*postconviction petition dismissed.*

KLATT and MENTEL, JJ., concur.

_____