[Cite as *State v. Cobia*, 2016-Ohio-7213.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-160256 |
| | | TRIAL NO. B-0403918 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| RAY COBIA, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Appeal Dismissed

Date of Judgment Entry on Appeal:    October 5, 2016

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Schuh & Goldberg, L.L.P,* and *Brian T. Goldberg,* for Defendant-Appellant.

**Моск, Judge.**

{¶1} Defendant-appellant Ray Cobia appeals from the Hamilton County Common Pleas Court's judgment overruling his "Motion for Credit on Reporting Requirements." We dismiss this appeal for lack of jurisdiction.

{¶2} In 2004, Cobia was convicted upon guilty pleas to sexual battery and impersonating a police officer and was sentenced to concurrent prison terms of four years. He was also, for purposes of Megan's Law, Am.Sub.H.B. No. 180, 146 Ohio Laws, Part II, 2560, 2601, classified as a sexually oriented offender, requiring him to register any new address with local law enforcement officials for a period of ten years following his release from prison. He took no direct appeal from his convictions. And upon his release from prison in 2008, he undertook this registration duty.

{¶3} In 2013, Cobia returned to prison following his convictions for sexual battery, impersonating a police officer, and child enticement, in the case numbered B-1304778. In January 2015, we reversed those convictions, discharging Cobia on the child-enticement charge, because the child-enticement statute had been held to be unconstitutional. *State v. Cobia*, 1st Dist. Hamilton No. C-140058, 2015-Ohio-331. The remaining charges were dismissed for want of prosecution in October 2015, on remand from our decision.

{¶4} In December 2015, Cobia filed with the common pleas court his "Motion for Credit on Reporting Requirements." In this appeal, he advances a single assignment of error, challenging the court's judgment overruling that motion. We do not reach the merits of this assignment of error, because we have no jurisdiction to review the common pleas court's judgment.

### *No Common Pleas Court Jurisdiction to Grant Relief*

{¶5}    In his "Motion for Credit on Reporting Requirements," Cobia asked the common pleas court to "credit" against the ten-year sex-offender-registration period imposed for his 2004 convictions the two years that he had spent in prison for his 2013 convictions.  He argued that the running of that ten-year period should not have been tolled under R.C. 2950.07(D) by his two-year return to confinement, when his 2013 charges were, in 2015, dismissed.  We conclude that the common pleas court had no jurisdiction to entertain the motion.

{¶6}    *Relief not afforded under Crim.R. 47 or R.C. 2950.07.*  In his motion, Cobia sought relief "[p]ursuant to Ohio Criminal Rule[] 47 and ORC 2950.07 D and E."  But neither Crim.R. 47 nor R.C. 2950.07 provided a means for obtaining the relief sought.

{¶7}    Crim.R. 47 pertains to the manner of "appl[ying] to the court for an order" in a pending criminal proceeding.  Cobia's motion, filed 11 years after his 2004 convictions, was plainly not filed in a pending criminal proceeding.

{¶8}    R.C. 2950.07 governs the commencement and duration of a sex offender's registration obligation.  By the terms of that statute, Cobia's ten-year registration period began to run in 2008, when he was released from prison, was "tolled" for approximately two years while he was imprisoned for his subsequent offenses, and resumed running upon his 2015 release from confinement for those offenses.  *See* R.C. 2950.07(A) and (D).  The statute also permits a sex offender to apply to the sheriff of the county of his residence for "credit against the duty to register" and to appeal to the common pleas court the denial of that application.  R.C. 2950.07(E). But that credit is only "for the time that the offender * * * has complied

3

with the sex offender * * * registration requirements of another jurisdiction." *Id.* Cobia, by his motion, was seeking credit not for time spent in compliance with another jurisdiction's registration requirements, but for the time spent in confinement upon his 2013 convictions.

{¶9} ***No jurisdiction to grant postconviction, Crim.R. 33, Crim.R. 32.1, mandamus, declaratory, habeas corpus, or Civ.R. 56(B) relief.*** Because Cobia did not specify in his motion a statute or rule under which the relief sought might have been afforded, the common pleas court was free to "recast" the motion "into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12 and syllabus.

{¶10} R.C. 2953.21 et seq., governing the proceedings upon a petition for postconviction relief, provide "the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case." R.C. 2953.21(J). But to prevail on a postconviction claim, the petitioner must demonstrate an infringement of his rights in the proceedings resulting in his conviction that rendered the conviction void or voidable under the state or federal constitution. *See* R.C. 2953.21(A)(1); *State v. Powell*, 90 Ohio App.3d 260, 264, 629 N.E.2d 13 (1st Dist.1993). Cobia's motion challenging the application of R.C. 2950.07's tolling provision did not allege a constitutional violation in the proceedings resulting in his convictions. Thus, the motion was not reviewable under the standards provided by the postconviction statutes.

{¶11} Nor could the common pleas court have entertained the motion as a Crim.R. 33 motion for a new trial or a Crim.R. 32.1 motion to withdraw his guilty

pleas. Cobia had been convicted in 2004, not upon verdicts returned following a trial, but upon guilty pleas. And he did not seek by his motion to withdraw those pleas.

{¶12} The common pleas court had no jurisdiction to entertain Cobia's motion as a petition for a writ of mandamus under R.C. Chapter 2731 or as a declaratory judgment action pursuant to R.C. Chapter 2721. An "[a]pplication for the writ of mandamus must be by petition, in the name of the state on the relation of the person applying, and verified by affidavit." R.C. 2731.04. And "when declaratory relief is sought * * * in an action or proceeding, all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding." R.C. 2721.12(A). Cobia's motion did not satisfy the procedural requirements for, and was thus not reviewable as, either a petition for a writ of mandamus or a declaratory judgment action. *See State v. Bell,* 1st Dist. Hamilton No. C-150391, 2016-Ohio-4630, ¶ 9.

{¶13} Nor was the motion reviewable by the common pleas court under R.C. 2725.01 et seq., as a petition for a writ of habeas corpus. Relief may be afforded under the habeas corpus statutes only when the petitioner is presently in "the actual physical custody of the state." *Harrod v. Harris*, 1st Dist. Hamilton No. C-000791, 2001 Ohio App. LEXIS 2092 (May 11, 2001), citing *Tomkalski v. Maxwell*, 175 Ohio St. 377, 378, 194 N.E.2d 845 (1963). Cobia's motion was filed well after he had been released from confinement for his 2004 convictions.

{¶14} Finally, Crim.R. 57(B) requires a court to "look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists." And Civ.R. 60(B)(5) permits a court to grant relief from a judgment for "any * * * reason justifying relief." But Cobia, in his motion, did not seek relief from his 2004

judgment of conviction. Therefore, Crim.R. 57(B) did not require the common pleas court to review the motion under Civ.R. 60(B).

### No Appellate Jurisdiction to Review the Denial of Relief

{¶15} Moreover, this court lacks jurisdiction to review the common pleas court's judgment overruling Cobia's motion. Article IV, Section 3(B)(2) of the Ohio Constitution provides that a court of appeals has only "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district."

{¶16} Cobia's motion is plainly not reviewable under the jurisdiction conferred upon this court by R.C. 2953.02 or 2953.08 to review a judgment of conviction entered in a criminal case, because the motion does not challenge his 2004 convictions and was filed with the common pleas court more than 11 years after those convictions. And just as the motion was not reviewable by the common pleas court under the postconviction statutes, the entry overruling the motion is not reviewable under this court's jurisdiction under R.C. 2953.23(B) to review an order awarding or denying postconviction relief.

{¶17} An appeals court also has jurisdiction under R.C. 2505.03(A) to review and affirm, modify, or reverse a "final order, judgment or decree." A "final order" includes an order that "affects a substantial right" in "an action," when that order either "in effect determines the action and prevents a judgment," R.C. 2505.02(B)(1), or is "made in a special proceeding," that is, in "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(B)(2) and (A)(2). A "final order" also includes an order that "grants or denies a provisional remedy," that is, a remedy in "a proceeding

ancillary to an action," when that order "in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy," and when "[t]he appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." R.C. 2505.02(A)(3) and (B)(4).

{¶18} For purposes of determining whether an order is "final," a "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). R.C. 2950.07 governs the commencement and duration of a sex offender's registration obligation. Cobia effectively sought by his motion the enforcement of R.C. 2950.07 in a manner that would exclude him from the statute's tolling provision. Thus, the common pleas court's order overruling the motion may fairly be said to implicate a substantial right.

{¶19} But Cobia's motion was not filed in any action, or in any proceeding ancillary to an action, then pending before the common pleas court. Thus, the common pleas court's entry overruling the motion cannot be said to have effectively determined or prevented a judgment in any proceeding. *See* R.C. 2505.02(B)(1) and (B)(4)(a). Nor was that entry "made" in any "special" statutory proceeding. *See* R.C. 2505.02 (B)(2). Accordingly, the common pleas court's entry overruling the motion was not reviewable by this court as a "final order."

### *Not Reviewable under Jurisdiction to Correct a Void Judgment.*

{¶20} Finally, a court always has jurisdiction to correct a void judgment. *See State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d

7

263, ¶ 18-19. But R.C. 2950.07(D) mandates that Cobia's ten-year registration period be extended by his two-year return to confinement for his 2013 convictions. Any judgment that operated to effectuate that tolling provision would not render his 2004 convictions void. *See State v. Wurzelbacher*, 1st Dist. Hamilton No. C-130011, 2013-Ohio-4009, ¶ 8; *State v. Grant*, 1st Dist. Hamilton No. C-120695, 2013-Ohio-3421, ¶ 9-16 (holding that a judgment of conviction is void only to the extent that a sentence is unauthorized by statute or does not include a statutorily mandated term or if the trial court lacks subject-matter jurisdiction or the authority to act). Accordingly, the matter was not reviewable by the common pleas court, nor is it reviewable by this court, under the jurisdiction to correct a void judgment.

### *Appeal Dismissed*

{¶21} We, therefore, hold that we are without jurisdiction to review the common pleas court's entry overruling Cobia's "Motion for Credit on Reporting Requirements." Accordingly, we dismiss this appeal.

Appeal dismissed.

**STAUTBERG, J.,** concurs.
**DEWINE, P.J.,** concurs in judgment only.

Please note:

The court has recorded its own entry on the date of the release of this opinion.