[Cite as *State v. Reece*, 2016-Ohio-7858.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-160228<br>C-160229 |
| Plaintiff-Appellee, | : | TRIAL NOS. B-0405600<br>B-1505076 |
| vs. | : | |
| RODNEY REECE, | : | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Criminal Appeals From:  Hamilton County Court of Common Pleas

Judgments Appealed From Are:  Appeal Dismissed in C-160228; Reversed and
Cause Remanded in C-160229

Date of Judgment Entry on Appeal:  November 23, 2016

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Marguerite Slagle*, Assistant Public Defender, for Defendant-Appellant.

**STAUTBERG, Judge.**

{¶1} Plaintiff-appellant Rodney Reece has appealed the judgments of the Hamilton County Court of Common Pleas overruling his motion to set aside his duty to register as a sex offender in the case numbered B-0405600 and convicting him of failing to verify his address in the case numbered B-1505076. The appeals have been consolidated.

### *Facts and Procedure*

{¶2} In 1993, while on parole for a 1985 aggravated burglary case, Reece was convicted of gross sexual imposition. On February 2, 1993, the trial court sentenced Reece for gross sexual imposition to two years' incarceration, suspended the sentence, placed him on probation for three years, and sentenced him to 90 days in jail with credit for time served. On August 10, 1993, the court terminated Reece's probation and closed the case with an order that provided:

> [I]t further appearing to the Court, on July 14, 1993, the Defendant was sentenced to the Ohio Department of Corrections for a period of twenty-five (25) years, on the charge of Aggravated Burglary on Indictment #B-852642 as a result of parole revocation.
>
> * * *
>
> [I]t is therefore ordered, adjudged and decreed by the Court that the probation period heretofore imposed, on Indictment #B-927419 be terminated and the Defendant's case is closed.

{¶3} While Reece was serving time in prison for aggravated burglary, the General Assembly enacted former R.C. Chapter 2950 ("Megan's Law"). *See* Am.Sub.H.B. No. 180, 146 Ohio Laws, Part II, 2560, enacted in 1996, amended in 2003 by Am.Sub.S.B. No. 5, 150 Ohio Laws, Part IV, 6556. Former R.C.

2950.04(A)(1)(a) provided that "[r]egardless of when the sexually oriented offense [had been] committed, an offender who [was] sentenced for the sexually oriented offense to a prison term, a term of imprisonment, or any other type of confinement and, on or after July 1, 1997, [was] released in any manner from the prison term, term of imprisonment, or confinement" was required to register as a sex offender under Megan's Law. When Reece was released from prison in 2004, apparently someone in the Ohio Department of Rehabilitation and Correction told Reece that he was required to register as a sex offender. On July 14, 2004, in the case numbered B-0405600, Reece pleaded guilty to, was convicted of, and sentenced for failing to register.

{¶4} In 2005, the Ohio Supreme Court held in *State v. Champion*, 106 Ohio St.3d 120, 2005-Ohio-4098, 832 N.E.2d 718, that former R.C. 2950.04(A)(1)(a) required only those who were serving a prison term on or after July 1, 1997, for a sexually oriented offense to register as sex offenders. The Hamilton County Sheriff's Office sent Reece a letter on November 21, 2005, to inform him that the *Champion* holding might apply to him, and that if he believed the *Champion* decision applied to him, he "need[ed] to file a petition with the court." Reece filed an uncaptioned document on June 15, 2006, in his failure-to-register case numbered B-0405600, which stated that pursuant to *Champion* he had no duty to register as a sex offender and requested that the "ruling" be "upheld" in his case. Reece attached a copy of the letter he had received from the sheriff. On July 26, 2006, the trial court entered an order captioned "Entry Overruling Motion to Set Aside Order to Register," overruling Reece's "motion." In 2016, Reece appealed this entry in the appeal numbered C-160228. This appeal is timely because Reece had never been served with the 2006 entry, as required by Civ.R. 58.

{¶5}   On September 21, 2015, Reece was indicted in the case numbered B-1505076 for failing to verify his address.  He filed a motion and an amended motion to dismiss the indictment, arguing that he had no duty to register as a sex offender because he was not serving a sentence for a sex offense on or after July 1, 1997.  The trial court overruled the motion, concluding that res judicata barred Reece from challenging his duty to register because "the matter was litigated * * * back in 2006."  Reece pleaded no contest to and was convicted of failing to verify his address.  Reece appealed this conviction in the appeal numbered C-160229.

### Appeal No. C-160228

{¶6}   Reece's first assignment of error alleges that "the trial court erred by denying Mr. Reece's motion to apply *State v. Champion* to his failure to register conviction in 2006."  In his 2006 uncaptioned filing, Reece asked that the *Champion* "ruling" be "upheld" in his case.  The trial court's entry overruling Reece's "motion" was captioned "Entry Overruling Motion to Set Aside Order to Register."  But no court had entered an order requiring Reece to register as a sex offender.

{¶7}   Reece's "motion" was not a petition for a writ of mandamus under R.C. Chapter 2731 or a declaratory judgment action pursuant to R.C. Chapter 2721.  Reece did not allege a constitutional violation in the 2004 case resulting in his conviction; therefore, the "motion" was not reviewable under the postconviction standards.  *See State v. Cobia*, 1st Dist. Hamilton No. C-160256, 2016-Ohio-7213, ¶ 10.  His "motion" was not reviewable under Crim.R. 47, because it was not filed in a pending criminal proceeding.  *See Cobia* at ¶ 7.  Nor was his "motion" reviewable as a petition for habeas corpus relief, because he had been released from confinement.  *See Cobia* at ¶ 13.  And because Reece did not seek relief from his judgment of conviction, the trial court was not required to review his "motion" under Civ.R. 60(B)(5).  *See Cobia* at ¶

4

14. Therefore, we conclude that the common pleas court had no jurisdiction to entertain Reece's "motion," and the court should have dismissed it.

{¶8}    Further, this court lacks jurisdiction to review the common pleas court's judgment overruling Reece's "motion."  The trial court's judgment is not reviewable under the jurisdiction conferred on this court by R.C. 2953.02 or 2953.08 to review a judgment of conviction entered in a criminal case.  *See Cobia* at ¶ 16.  And for the same reason that the "motion" was not reviewable by the trial court under the postconviction statutes, this court is without jurisdiction under R.C. 2953.23(B) to review the trial court's judgment as an order granting or denying postconviciton relief.  *See id.*  Finally the entry overruling Reece's "motion" was not reviewable as a final order because it was not filed in any action, or in any proceeding ancillary to an action, then pending in the common pleas court and it was not made in a special statutory proceeding.  *See Cobia* at ¶ 19.

{¶9}    A court always has jurisdiction to correct a void judgment.  *See State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19.  But Reece's claim would not have rendered his conviction void.  *See State v. Wurzelbacher*, 1st Dist. Hamilton No. C-130011, 2013-Ohio-4009, ¶ 8; *State v. Grant*, 1st Dist. Hamilton No. C-120695, 2013-Ohio-3421, ¶ 9-16 (holding that a judgment of conviction is void only to the extent that a sentence is unauthorized by statute or does not include a statutorily mandated term or if the trial court lacks subject-matter jurisdiction or the authority to act); *see also Dunbar v. State*, 136 Ohio St.3d 181, 2013-Ohio-2163, 992 N.E.2d 1111, ¶ 14-15 (applying the "traditional[]" rule that, except with certain sentencing errors, a judgment is not void unless "a court acts without subject-matter jurisdiction," to hold that a guilty plea is voidable, not void, when a trial court had subject-matter jurisdiction, but errs in the exercise of that jurisdiction).

{¶10} For these reasons, we are likewise without jurisdiction to review the common pleas court's 2006 entry overruling Reece's "motion." Therefore, we dismiss the appeal numbered C-160228.

### Appeal No. C-160229

{¶11} Reece's second assignment of error alleges that the trial court erred in overruling his motion to dismiss the 2015 indictment on the ground that the 2006 judgment was res judicata on the issue of whether he had a duty to register as a sex offender. Because the common pleas court had no jurisdiction to entertain Reece's "motion" and should have dismissed it in 2006, the judgment on that "motion" cannot have a res judicata effect. Therefore, in 2015, the trial court erred in overruling Reece's motion to dismiss the indictment on the basis of res judicata. Further, we conclude that the trial court should have granted Reece's motion to dismiss the indictment because he has no duty to register as a sex offender.

{¶12} It is clear from the 1993 entry that Reece was never in prison on the gross-sexual-imposition offense. The judge in the 1993 case terminated Reece's probation on the gross sexual imposition and closed the case because Reece was going to prison for 25 years on the 1985 aggravated burglary conviction. Because Reece never spent time in prison for gross sexual imposition, he was not serving a sentence for a sexually oriented offense on or after July 1, 1997. Therefore, he has no duty to register as a sex offender. *See Lewis v. Leis*, 1st Dist. Hamilton No. C-080216, 2009-Ohio-3096, ¶ 11 (the sex offender registration obligations under former R.C. 2950.04 apply only to offenders who were convicted of and sentenced to prison for a sexually oriented offense and who were released from prison for that sexually oriented offense on or after July 1, 1997). The second assignment of error is sustained.

6

{¶13}   The appeal in the case numbered C-160228 is dismissed.  In the appeal numbered C-160229, the judgment of the trial court in the case numbered B-1505076 convicting Reece of failing to verify his current address is reversed and the cause is remanded with instructions to the trial court to grant Reece's motion to dismiss the indictment because he has no duty to register as a sex offender.

Judgment accordingly.

**HENDON, P.J.,** concurs.
**CUNNINGHAM, J.,** concurs in judgment only.

Please note:
The court has recorded its own entry this date.