[Cite as *Stewart v. Gillie*, 2017-Ohio-4088.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

Darin T. Stewart,                          :

     Plaintiff-Appellant,          :

                         No. 16AP-859

v.                                         :          (C.P.C. No. 15CV-10183)

Judge William T. Gillie et al.,            :          (ACCELERATED CALENDAR)

     Defendants-Appellees.          :


---

### D E C I S I O N

#### Rendered on June 1, 2017

---

**On brief:** *Darin T. Stewart*, pro se.

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Benjamin D. Humphrey*, for appellees.

---

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Plaintiff-appellant, Darin T. Stewart, appeals from a judgment of the Franklin County Court of Common Pleas that granted summary judgment in this matter in favor of defendants-appellees, Judge William T. Gillie (now deceased) and Michael Miller. Because Stewart did not file a timely notice of appeal, we dismiss his appeal for lack of jurisdiction.

## I. Factual and Procedural Background

{¶ 2} In 1988, a three-judge panel found Stewart guilty of murder and attempted murder and sentenced him accordingly. This court affirmed those convictions. *State v. Stewart*, 10th Dist. No. 88AP-132 (Dec. 6, 1988). This court also affirmed the denial of

Stewart's petition for postconviction relief. *State v. Stewart*, 10th Dist. No. 91AP-1021 (Aug. 6, 1992).

{¶ 3} In 2015, Stewart filed this action for declaratory relief, seeking a declaration that his convictions and sentences were void, presumably because he was convicted of lesser-included offenses of the charges that he had been indicted for by the grand jury. Appellees[1] filed a motion for summary judgment, arguing that his claims were barred by res judicata and would also fail on the merits. The trial court, in an entry filed November 7, 2016, granted summary judgment in favor of appellees. Stewart filed a notice of appeal from that entry on December 15, 2016.

## II. The Appeal

{¶ 4} Stewart appeals the trial court's entry granting summary judgment in appellees' favor. The state first argues that this appeal must be dismissed because Stewart did not timely file his notice of appeal of that entry. We agree.

{¶ 5} App.R. 4(A)(1) provides that, subject to App.R. 4(A)(3), "a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." App.R. 4(A)(3) provides that in a civil case, "if the clerk has not completed service of the order within the three-day period prescribed in Civ.R. 58(B), the 30-day periods referenced in App.R. 4(A)(1) and (A)(2) begin to run on the date when the clerk actually completes services." Thus, in a civil case such as the present one, if service of the notice of judgment and its entry occurs within three days, then the appeal period begins on the date of the judgment. *State ex rel. Sautter v. Grey*, 117 Ohio St.3d 465, 2008-Ohio-1444, ¶ 16, citing *In re Anderson*, 92 Ohio St.3d 63, 67; *Huntington Natl. Bank v. Zeune*, 10th Dist. No. 08AP-1020, 2009-Ohio-3482, ¶ 11. Failure to comply with App.R. 4(A) is a jurisdictional defect and is fatal to any appeal. *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, ¶ 17; *Bond v. Canal Winchester*, 10th Dist. No. 07AP-556, 2008-Ohio-945, ¶ 11.

{¶ 6} Here, the trial court filed its entry on November 7, 2016 and instructed the clerk of courts to serve the parties with the entry. Pursuant to Civ.R. 58(B), the clerk must then serve the parties and note service on the docket within three days of entering the

---

[1] According to his complaint, Judge Gillie was the lead and sentencing judge of the three-judge panel and Miller was the Franklin County prosecutor at that time.

judgment upon the journal. The docket reflects that the clerk timely satisfied its obligations. Therefore, Stewart's notice of appeal had to be filed within 30 days of the final judgment entry. App.R. 4(A)(1). Stewart did not file his notice of appeal until December 15, 2016–38 days after the November 7, 2016 entry. Thus, Stewart's notice of appeal was untimely, and we must dismiss his appeal due to his noncompliance with App.R. 4(A)(1). *State v. Clayborn*, 10th Dist. No. 08AP-593, 2009-Ohio-1751, ¶ 5.

## III. Conclusion

{¶ 7} Because Stewart did not timely file his notice of appeal, we lack jurisdiction to hear his appeal. Accordingly, we dismiss this appeal.

*Appeal dismissed.*

LUPER SCHUSTER and BRUNNER, JJ., concur.