[Cite as *State v. Stewart*, 2020-Ohio-4709.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 19AP-458 |
| v. | : | (C.P.C. No. 86CR-3463) |
| Darin T. Stewart, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 30, 2020

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

**On brief:** *Darin T. Stewart*, pro se.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Darin T. Stewart, appeals from a judgment of the Franklin County Court of Common Pleas which denied his "Motion to Vacate a Statutorily Void Judgment for Lack of Subject-Matter Jurisdiction." For the following reasons, we conclude the trial court should have dismissed appellant's petition for lack of jurisdiction.

## I. Facts and Procedural History

{¶ 2} In October 1986, appellant was arrested for an incident in connection with the shooting of Kevin Doddrill, Chris Buchanan, and David Montgomery. The facts of that incident, as taken from his direct appeal decision, are as follows:

> Defendant and his brother, Edward Stewart, were evicted from Minsky's Music Hall, a bar, by the bar's bouncers. While outside, both men, as well as the bouncers and other persons who gathered, exchanged obscenities and threats. When fighting erupted between some onlookers and the defendant

and his brother, the bouncers attempted to stop the fight. Subsequently, David Montgomery, a Columbus police officer, who was working special duty for the shopping center where the bar was located, arrived on the scene.

Officer Montgomery intervened and told both Stewarts to go home. Nevertheless, they continued the altercation. When Edward Stewart spit on Montgomery, he was arrested. Upon seeing Montgomery grab his brother's arm, defendant tackled the officer and threw him to the ground. While defendant and Montgomery struggled, defendant took the officer's gun.

When several people, including Kevin Doddrill and Chris Buchanan came to the officer's aid, defendant fired at them. Although defendant also tried to shoot Montgomery, he was unsuccessful. As a result of this incident, Chris Buchanan was wounded in the leg and Kevin Doddrill was killed.

*State v. Stewart*, 10th Dist. No. 88AP-132 (Dec. 6, 1988).

{¶ 3} Out of that incident, appellant was indicted on one count of aggravated murder, in the course of an aggravated robbery, pursuant to R.C. 2903.01,[1] with an accompanying death penalty specification of committing the murder in the course of a robbery, and a firearm specification. Count 2 charged appellant with aggravated robbery in violation of R.C. 2911.01. Counts 3 and 4 charged appellant with attempted aggravated murder in violation of R.C. 2923.02 and 2903.01 with firearm specifications.[2] Appellant was convicted by a three-judge panel of a lesser-included offense of Count 1: to wit: murder in violation of R.C. 2903.01, with a firearm specification and a lesser-included offense of Count 4: to wit: attempted murder, as it relates to R.C. 2903.01, with a firearm specification. Appellant filed a motion to modify the verdict which the trial court denied. Appellant filed an appeal arguing the motion should have been granted and he should have been convicted of the lesser-included offenses of aggravated assault and involuntary

---

[1] The indictment does not specifically state which division of R.C. 2903.01 appellant was indicted on. However, the text of the indictment alleged that appellant acted purposely and while committing or attempting to commit an aggravated robbery. This text indicates that appellant was indicted on Division (B) of R.C. 2903.01.

[2] The indictment does not specifically state which division of R.C. 2903.01 in Counts 3 and 4 apply. However, as with Count 1, the indictment alleged appellant acted purposely while committing, attempting to commit or fleeing from the commission of aggravated robbery. This text indicates that appellant was indicted for attempt on Division (B) of R.C. 2903.01.

manslaughter. This court affirmed the trial court's judgment. *Stewart*, 10th Dist. No. 88AP-132.

{¶ 4} Subsequently, appellant filed a petition for postconviction relief pursuant to R.C. 2953.21 and raised the issue of ineffective assistance of counsel, alleging in the petition that his counsel erred in waiving a trial by jury and proceeding with a three-judge panel. The trial court denied the petition. This court determined that the issues appellant raised could have been raised by the direct appeal from his conviction and, thus, the issues were res judicata and the petition did not set forth evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel on any of the issues asserted on appeal. This court overruled appellant's assignments of error and affirmed the judgment. *See State v. Stewart*, 10th Dist. No. 91AP-1021 (Aug. 6, 1992).

{¶ 5} In 2015, appellant filed an action for declaratory relief, seeking a declaration that his convictions and sentences were void because he was convicted of lesser-included offenses of the charges that he had been indicted for by the Franklin County Grand Jury. The trial court granted summary judgment to Judge William T. Gillie and Michael Miller (the judge who sentenced appellant and the Franklin County prosecutor at the time). Appellant filed an untimely notice of appeal and this court dismissed the appeal for lack of jurisdiction. *See Stewart v. Gillie*, 10th Dist. No. 16AP-859, 2017-Ohio-4088.

{¶ 6} On November 20, 2018, appellant filed a "Motion to Vacate a Void Judgment for Lack of Subject-Matter Jurisdiction" arguing the trial court made a constructive amendment to the charges in the indictment. Plaintiff-appellee, State of Ohio, filed a memorandum contra on December 5, 2018. Appellant moved to strike the state's memorandum contra, and the trial court denied the motion to strike.

{¶ 7} In his motion to vacate, appellant argued the trial court lost subject-matter jurisdiction when it made a constructive amendment to the indictment at trial by finding him guilty of an offense that was not a lesser-included offense of the offense in the indictment.[3] Furthermore, although he explained in his brief that he had been indicted on aggravated murder pursuant to R.C. 2903.01(B) with a predicate offense of aggravated

---

[3] The record before us contains only the motions, memoranda contra and entry relevant to the motion to vacate judgment for lack of subject-matter jurisdiction. We have taken judicial notice of the indictment and the judgment entry.

robbery, he goes on to argue he was indicted on the offense of felony murder[4] and the offense he was convicted of, murder, is not a lesser-included offense of felony murder. On these grounds, he argued the trial court did not have subject-matter jurisdiction and his conviction is void. On April 25, 2019, the trial court denied his motion as not well-taken.

## II. Assignment of Error

{¶ 8} Appellant filed an App.R. 5(A) motion for leave to file a delayed appeal of the trial court's April 25, 2019 entry denying his motion to vacate. This court granted the motion for leave to file a delayed appeal on grounds that appellant did not receive a copy of the April 25, 2019 entry until June 25, 2019, and the state did not file a memorandum contra the motion for leave. Appellant assigns the following sole assignment of error for our review:

> The Court abused its discretion and created plain error, when it constructively amended[5] the indictment handed down by the Franklin County Grand Jury. Jurisdiction is essential to a valid judgment, and any conviction rendered by a Court without jurisdiction is void.

---

[4] Appellant's assertion, in his motion and in his brief, that he was indicted on "felony murder" is confusing because he also explains he was indicted on R.C. 2903.01(B) aggravated murder. Felony murder is the name of the offense proscribed in R.C. 2903.02(B). It differs from aggravated murder proscribed by R.C. 2903.01(B) in that the felony murder statute does not contain a mens rea component; whereas aggravated murder contains the element of purpose. A defendant may be found guilty of felony murder even if there was no intent to cause the victim's death. Rather, a person commits felony murder pursuant to R.C. 2903.02(B) by proximately causing another's death while possessing the mens rea element set forth in the underlying felony offense. *See State v. Fry*, 125 Ohio St.3d 163, 2010-Ohio-1017, ¶ 40; 43. The indictment reveals, contrary to appellant's claim that he was indicted on felony murder, that indeed he was indicted on aggravated murder pursuant to R.C. 2903.01(B). We decline to address appellant's confusing argument. We do note, however, that subject-matter jurisdiction "connotes the power to hear and decide a case upon its merits." *Morrison v. Steiner*, 32 Ohio St.2d 86 (1972), paragraph one of the syllabus. Further, in the recent Supreme Court of Ohio case *State v. Harper*, ___ Ohio St.3d ___, 2020-Ohio-2913, ¶ 42, the court clarified void and voidable. When a sentencing court has jurisdiction to act, sentencing errors "render the sentence voidable, not void, and the sentence may be set aside if successfully challenged on direct appeal." As in our recent case, *State v. Cockroft*, 10th Dist. No. 19AP-738, 2020-Ohio-4436, the trial court had subject-matter jurisdiction and personal jurisdiction over the defendant, thus any alleged sentencing error would have made the judgment voidable, not void, and such alleged error could have been raised in a direct appeal.

[5] In his brief, appellant also argues the trial court lacked subject-matter jurisdiction pursuant to Crim.R. 32(B). He states that "[m]urder or attempted murder are not offenses found by the grand jury of Franklin County." (Appellant's Brief at 6.) However, appellant did not assign as error the trial court's denial of the motion on this ground. The assignment of error is limited to assigned error on the grounds of constructive amendment. Therefore, we decline to address appellant's Crim.R. 32(B) argument.

### III. Analysis

{¶ 9}    The Ohio Rules of Criminal Procedure do not expressly provide for a motion to vacate a conviction; however, "[c]ourts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 12.  Appellant's motion meets the definition of a petition for postconviction relief pursuant to R.C. 2953.21(A)(1), because it "(1) was filed subsequent to [appellant's] direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence." *State v. Norman*, 10th Dist. No. 19AP-106, 2019-Ohio-4020, ¶ 11, citing *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997).  Accordingly, we review appellant's motion as a petition for postconviction relief and determine the trial court should have dismissed the petition for lack of jurisdiction rather than assuming jurisdiction and denying it.

{¶ 10} The distinction between the trial court assuming jurisdiction and denying appellant's petition for lack of jurisdiction is important because subject-matter jurisdiction "is a court's power to hear and decide a case on the merits," but "a jurisdictional defect cannot be waived." *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75 (1998). Because " ' "the question [of] whether a court of common pleas possesses subject-matter jurisdiction to entertain an untimely [or successive] petition for postconviction relief is a question of law," ' an appellate court applies a de novo standard of review to the trial court's determination." *State v. Conway*, 10th Dist. No. 17AP-90, 2019-Ohio-382, ¶ 8, quoting *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, ¶ 24, quoting *State v. Kane*, 10th Dist. No. 16AP-781, 2017-Ohio-7838, ¶ 9.

{¶ 11} The postconviction relief process is a collateral civil attack on a criminal judgment, not an appeal of the judgment. *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994). Appellant does not have a constitutional right of postconviction review and postconviction relief does not afford appellant any rights beyond those granted by statute. *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999).  A postconviction petition does not provide appellant a second opportunity to litigate his conviction. *State v. Hessler*, 10th Dist. No. 01AP-1011, 2002-Ohio-3321. Appellant's motion, construed as a petition for postconviction relief, "cannot circumvent the requirements of R.C. 2953.21 and attempt to obtain relief

through the 'back door' by styling his action as other than that which it is: a petition for postconviction relief." *Canter v. Voinovich*, 9th Dist. No. 97CA006665 (Sept. 24, 1997).

{¶ 12} We note that this postconviction petition was filed beyond the time provided in R.C. 2953.21, and it was appellant's second request for postconviction review; therefore, it was also subject to the requirements of R.C. 2953.23. That statute provides a court "may not entertain" an untimely or successive postconviction relief petition unless the requirements of R.C. 2953.23(A)(1) or (2) are met. The Supreme Court of Ohio has held that unless the requirements of R.C. 2953.23(A)(1) or (2) are satisfied, a court lacks jurisdiction over a successive postconviction relief petition. *Apanovitch* at ¶ 38.

{¶ 13} Appellant has not demonstrated that he met the requirements of R.C. 2953.23(A)(1) or (2). Because appellant's petition is an untimely petition for postconviction relief, and because appellant failed to produce evidence to support a finding that any of the R.C. 2953.23(A)(1) exceptions applied, the trial court lacked jurisdiction to entertain appellant's petition. *Conway*; *Apanovitch*. This court has previously advised trial courts should dismiss a petition for postconviction relief when jurisdiction is lacking, rather than denying the petition on some other grounds. *See, e.g.*, *State v. Banks*, 10th Dist. No. 12AP-96, 2012-Ohio-3770, ¶ 11 ("the trial court did not err in denying appellant's petition, though technically the petition should have been dismissed for lack of jurisdiction); *State v. Mangus*, 10th Dist. No. 06AP-1105, 2009-Ohio-6563, ¶ 13 (affirming denial of postconviction petition as untimely filed even though trial court should have dismissed the petition for lack of jurisdiction); *State v. Russell*, 10th Dist. No. 05AP-391, 2006-Ohio-383, ¶ 10 (although trial court did not err in denying the petition on the merits, it should have been dismissed for lack of jurisdiction); *State v. Elkins*, 10th Dist. No. 10AP-6, 2010-Ohio-4605, ¶ 17 (the untimely postconviction petition should have been dismissed for lack of jurisdiction).

{¶ 14} Accordingly, we conclude that even though the trial court should have dismissed appellant's petition for lack of jurisdiction rather that denying the petition, we agree with the trial court's disposition of appellant's petition. Appellant's petition is untimely and a successive postconviction petition. Therefore, appellant's assignment of error is overruled.

## IV. Conclusion

{¶ 15} For the foregoing reasons, we overrule appellant's sole assignment of error. The judgment of the Franklin County Court of Common Pleas is modified to reflect the dismissal of Stewart's postconviction petition.

*Judgment modified;*
*postconviction petition dismissed.*

KLATT and BRUNNER, JJ., concur.